Opinion of the Court.

[No. 3,848.]

## FREDERICK H. WOOD *v.* FREDERICK WREDE.

MECHANICS' LIEN.—A claim of a lien filed under the mechanics' lien law of 1867–8 must state the name of the person by whom the claimant was employed. The lien can be maintained only by a substantial observance of the provisions of the statute.

APPEAL from the District Court, Third Judicial District, County of Alameda.

This action was brought to foreclose a lien claimed upon a dwelling house for labor performed upon it. The defendant objected to the lien being received in evidence, because it did not contain the name of the person by whom the plaintiff was employed. The Court overruled the objection.

The plaintiff had judgment, and the defendant appealed.

*S. G. Nye,* for Appellant, argued that it was error to receive the lien in evidence, and cited *Bottomly* v. *Grace,* 2 Cal. 90; and *Davis* v. *Livingston,* 29 Cal. 283.

*R. Moyes,* for Respondent.

By the COURT:

The claim of a lien for labor filed by the plaintiff in the office of the County Recorder is insufficient under the provisions of the fifth section of the Act (Acts 1867–8, p. 589), in that it wholly fails to state " the name of the person by whom he was employed." The claim, as filed in the Recorder's office, sets forth that Wrede caused the construction of the dwelling house and improvements with respect to which the lien is asserted; but this is not in any sense a statement of the name of the person by whom the plaintiff was employed, nor could it have been intended as such, for it appears by the record that Wrede, the owner of the building, entered into a written contract with the defendant, R.

A. S. Wood, for the erection of the dwelling house at a fixed price named therein, and that in fact the plaintiff was not employed by Wrede at all, but that the defendant Wood alone employed him.

The lien provided by the statute can be maintained only by a substantial observance of its provisions, and though we are certainly not disposed to defeat the lien by a nice criticism of the language in which the claim is set forth, we are not at liberty to uphold it in the face of the total omission to comply with a plain requirement of the Act.

Judgment reversed and cause remanded.