[Civ. No. 439.   First Appellate District.—April 9, 1908.]

## HUGH HOGAN et al., Respondents, v. LOUISA BIGLER, Appellant.

MECHANICS' LIENS—NOTICE OF LIEN FOR MATERIALS—NAME UNTRULY STATED—LOSS OF LIENS.—The requirement of section 1187 of the Code of Civil Procedure, that the notice of lien shall state the person to whom the materials were furnished, requires that the name be truly stated; and where the evidence shows without conflict that they were furnished to another person than the one stated in the notice of lien and in the complaint, the notice does not comply with the statute, and cannot be the basis for the enforcement of a lien on the land of the owner.

ID.—SUBSTANTIAL COMPLIANCE WITH STATUTE ESSENTIAL—JUDICIAL POWER.—One who desires to avail himself of the provisions of the mechanic's lien law, so as to charge the land or building of a third party with a debt incurred by another, must substantially comply with the statutory requirements as to making out in writing and verifying his claim of lien. The courts have no power to dispense with the plain requirement of the statute.

APPEAL from a judgment of the Superior Court of Alameda County.   F. B. Ogden, Judge.

The facts are stated in the opinion of the court.

Benj. F. Bergen, and R. C. Staats, for Appellant.

J. E. McElroy, for Respondents.

COOPER, P. J.—Plaintiffs recovered judgment, foreclosing a materialman's lien on the premises described in the complaint, belonging to defendant Louisa Bigler.

It is required by the code (Code Civ. Proc., sec. 1187) that the claim or notice of lien filed by one claiming to have furnished materials which were used in the building or structure, shall state, among other things, "the name of the person to whom he furnished the materials." In this case the claim of lien stated that the lumber was sold and furnished to J. J. Crawford, and the complaint so alleges. The evidence shows without conflict that the lumber was sold to Fred Hambleton, and the court finds that the lumber was sold, fur-

nished and delivered to ''E. C. Wood, F. Hambleton and
C. M. Cook.'' The notice of lien, therefore, did not comply
with the plain mandate of the statute. Plaintiffs sold the
lumber directly to Hambleton—that is, Hambleton was the
party who went to them and ordered the lumber. They knew
him, and no matter what he stated as to the party for whom
he was purchasing the lumber, they could easily have com-
plied with the law by stating the fact in their claim of lien
as to whom the lumber was furnished. The courts have uni-
formly held that the party who desires to avail himself of
the provisions of the mechanic's lien law so as to charge the
land or building of a third party with a debt incurred by an-
other and not by the owner, must comply substantially with
the statutory requirements as to making out in writing and
verifying his claim of lien. We have no power to dispense
with the plain requirements of the statute. The legislature
saw fit to require that the claim should state the name of
the person to whom the materials were furnished. The claim
in this case does not do so; hence it cannot be the basis for
the enforcement of a lien on the land of the defendant Louisa
Bigler.

In *Madera Flume Co.* v. *Kendall,* 120 Cal. 182, [65 Am.
St. Rep. 177, 52 Pac. 304], the notice of lien did not state
the name of the person to whom the plaintiff furnished the
materials, and it was held insufficient. The court said, af-
ter quoting the statement in the claim of lien: ''In this state-
ment the plaintiff does not state that it furnished any of
these materials to William Price; nor does it state the name
of the person to whom it did furnish them. Not only does
the statement fail to name the person to whom the materials
were furnished by the plaintiff, but it is consistent with their
having been furnished by it to someone other than Price, for
whom he obtained them in fulfillment of his contract with
Kendall.''

It appears clear that if a notice or claim of lien states that
materials were furnished to a particular person, when, as a
fact, they were sold to a different person, and not to the per-
son named, such claim would be more objectionable and de-
fective than if the claim of lien had contained no statement.
In the one case no information is given; and in the other, in-
formation is given which is untrue and misleading. (See,
further, *McDonald* v. *Backus,* 45 Cal. 262; *Wood* v. *Wrede,*

46 Cal. 637; *Hooper* v. *Flood*, 54 Cal. 218; *Wagner* v. *Hansen*, 103 Cal. 104, [37 Pac. 195].)

In *Buell* v. *Brown*, 131 Cal. 158, [63 Pac. 167], it is said: "To charge their property by virtue of this statute it was necessary for him (the lien claimant) to comply with the mandates thereof. We are not required to give a strained construction to the statute in order to enable plaintiff to collect its debt from parties who never agreed to pay it, and who never requested the delivery of the materials."

In *Santa Monica Co.* v. *Hege*, 119 Cal. 377, [51 Pac. 555], it is said: "The right to enforce a mechanic's lien depends upon a compliance with the requirements of the statute. Unless the notice of the lien which is filed with the county recorder contains the statement required by section 1187 of the Code of Civil Procedure, the claimant is not entitled to his lien. This section requires the claim of a materialman to contain a statement of his demand after deducting all just credits and offsets; also a statement of the terms, time given and conditions of his contract. The provision that the claim must contain all those statements means that the statements thus contained must be correct. If they are not correctly stated, their right to a lien is lost."

It follows that the judgment must be reversed, and it is so ordered.

Kerrigan, J., and Hall, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 8, 1908.