[Civ. No. 2832. First Appellate District, Division One.—March 17, 1919.]

FRANK H. OGRAM, Appellant, v. C. WELCHOFF et al., Respondents.

[1] MECHANICS' LIENS — ENUMERATION OF CLASSES OF PERSONS — PUR-
POSE.—The enumeration of various classes of persons in section 1183 of the Code of Civil Procedure is in no sense a classification of them for the purpose of providing a lien for each class, but is simply an attempted enumeration of those callings whose members furnish the requisite labor in the construction of buildings, and the lien is the same in the case of all persons entitled, and is given to them not as followers of a particular trade or calling, but as persons having furnished labor contributing to the erection of the building.

[2] ID.—CONSTRUCTION OF CODE SECTIONS.—The sections of the code embracing the mechanic's lien law, being remedial in character, should be liberally construed.

[3] ID.—NO WORK "AGREED TO BE DONE" — STATEMENT OF CLAIM.—
Where an artisan, such as a carpenter, is employed at daily wages to work at his trade under the direction of his employer and no specific work is agreed to be done, the requirement of section 1187 of the Code of Civil Procedure that the "work agreed to be done" should be stated in the claim of lien, has no application.

APPEAL from a judgment of the Superior Court of Alameda County. J. J. Trabucco, Judge Presiding. Reversed.

The facts are stated in the opinion of the court.

Keyes & Horne and W. L. Newby for Appellant.

Carl F. Wood for Respondents.

RICHARDS, J.—This was an action to foreclose a mechanic's lien. Judgment went for defendants upon the ground that the lien filed by the plaintiff was void because it did not contain "a statement of the work agreed to be done by plaintiff." Plaintiff appeals, the record on appeal consisting of the judgment-roll alone.

The sole question presented is whether or not the claim of lien substantially complied with the section of the Code of Civil Procedure prescribing what it should contain.

Section 1183 of the Code of Civil Procedure provides that certain classes of persons therein enumerated shall have a lien upon the property upon which they have bestowed labor, or in the construction of which they have furnished materials, and it is not disputed that the plaintiff comes within one of such enumerated classes.

Section 1187 of said code provides that every person claiming such lien must file a "claim of lien containing a statement of his demand . . . with the name of the owner or reputed owner, if known, also the name of the person by whom he was employed, or to whom he furnished the materials, with a statement of the price, if any, agreed upon for the same and when payable, and of the *work agreed to be done* . . . ," etc.

The claim of lien filed by the plaintiff, so far as it bears upon the question to be considered, states: "Notice is hereby given that Frank Ogram . . . as laborer, claims a mechanic's lien upon the premises hereinafter described for labor performed by him. . . . That Fletcher & Newby and P. A. Newby are the names of the contractors who . . . entered into a contract with said Frank H. Ogram, claimant herein, under and by which said labor was performed, and the following is a statement of the terms, time given and conditions of said contract, to-wit: he was to be paid for his services at the rate of $3.50 per day. . . . That said contract has been fully performed on the part of said Frank H. Ogram, claimant . . . and the total amount of the claim of said Frank H. Ogram for labor by him furnished as aforesaid is $101.50. . . ."

It appears from the complaint, and the court so found, that the plaintiff's employment upon the building in connection with which the lien was filed was as a carpenter, and that his labor upon said building was that of a carpenter. As already pointed out, the court also found that the plaintiff did not include in his claim a statement of the "work agreed to be done," and for this reason held the claim of lien to be invalid. The learned judge of the trial court evidently construed the statute as requiring this even in the case of an artisan, such as a carpenter, who is employed at a daily wage for the purpose of plying his trade as directed from day to day and from hour to hour. It is apparent, we think, that a claimant of this class, employed at daily wages to work at his trade under the direction of his employer, cannot include

in the statement of his claim "the work agreed to be done," if in fact no such agreement has been made. At most he could state the general character of the work he expected to be called upon to do, and in support of the judgment the respondents argue that this the plaintiff should have done.

In construing this requirement of the section it must be borne in mind that the section is prescribing the contents of the claim of lien of quite different classes of persons, and it is not likely—indeed, quite the contrary—that the requirements laid down for the lien of a contractor or subcontractor would be literally applicable to the claim of lien to be filed by a mechanic or laborer. In the case of a contractor he evidently is able to state the "work agreed to be done," for his contract of necessity specifies it, and we are of the opinion that a correct construction of this requirement would confine it to such cases.

And it would not follow that because a person was not able to state the "work agreed to be done" for the very good reason that no specific work had been agreed upon, he must in lieu thereof state the general character of the work that he was employed to do.

We may notice in passing a secondary contention of respondents, that the mechanic's lien law establishes different classes of claimants, and that a person must claim his lien within his class, e. g., the plaintiff having furnished labor as a carpenter should have claimed his lien as a carpenter. [1] We think it sufficient to say in answer to this contention that the enumeration of various classes of persons in section 1183 of the Code of Civil Procedure is in no sense a classification of them for the purpose of providing a lien for each class. It is simply an attempted enumeration of those callings whose members furnish the requisite labor in the construction of buildings, and the lien is the same in the case of all persons entitled, and is given to them not as followers of a particular trade or calling, but as persons having furnished labor contributing to the erection of the building. If we followed this contention of the respondents to its logical conclusion, the plaintiff being a carpenter would have no lien at all, for we do not find the trade of carpenter included by name in the enumeration.

[2] The sections of the code embracing the mechanic's lien law being remedial in character should be liberally construed.

(Code Civ. Proc., sec. 4; *Union Lumber Co.* v. *Simon,* 150 Cal. 751, [89 Pac. 1077, 1081].) Some of the earlier constructions of these sections, although purporting to follow the rule of construction laid down in section 4 of the Code of Civil Procedure, were still somewhat technical, and the legislature showed its disapproval of the method followed by adding to the law on the subject section 1203, which directs that certain kinds of mistakes in claims of lien which theretofore had been held sufficient to invalidate them should not be given that effect; thus emphasizing the legislative intent that the greatest liberality consistent with the attainment of the object of the sections should be exercised in their construction. We are not, therefore, called upon to hold that because a claimant, from the nature of his employment, is unable to specify the "work agreed to be done," he must in lieu thereof state the general character of the work he was employed to do. It seems to be conceded that the object of requiring certain details to be set forth in the lien is to enable the owner of the property against which the lien is filed to investigate the correctness of the demand. In the present case the owner of the property, being apprised by the claim of lien that the claimant had performed labor for a certain number of days at a specified daily rate of compensation under the employment of certain named persons, he was just as well able to investigate the correctness of the claim as if he had been further informed that the particular work done was that of a carpenter.

[3] Our conclusion is that as the record discloses that there was no specific work agreed to be done by the plaintiff, the requirement of section 1187 of the Code of Civil Procedure, that it should be stated in the lien has no application to this case, and the findings of the court being in plaintiff's favor on the remaining issues, the court erred in holding that the plaintiff's claim of lien was null and void. The judgment is therefore reversed.

Waste, P. J., and Kerrigan, J., concurred.