[L. A. No. 8858.    Department One.—December 20, 1927.]

GEORGE E. TROUT, Appellant, v. JOE SIEGEL et al., Defendants; STATE MUTUAL BUILDING & LOAN ASSOCIATION (a Corporation), Respondent.

[1] MECHANICS' LIENS — STATUTORY CONSTRUCTION. — The statutes of this state giving to mechanics and others liens upon real property for work done or materials furnished in the construction of buildings or other structures are to be liberally construed.

---

1. See 17 Cal. Jur. 16.

[2] ID.—NOTICE OF CLAIM OF LIEN—PURPOSE OF.—The purpose of the record and statement of a notice of claim of lien is to inform the owner, in case of a contractor and laborers rendering service under a contract, as to the extent and nature of a lienor's claim, to facilitate investigation as to its merits.

[3] ID.—SUFFICIENCY OF NOTICE OF CLAIM OF LIEN.—It is held in this case that the notice of the contractor's claim of lien, which expressly stated the contract price, the amount paid thereon and the amount due, and that the contract was for the erection of a building upon the lot described therein, was sufficient for the owner and all persons claiming under him to ascertain the extent and nature of plaintiff's claim.

(1) 40 C. J., p. 52, n. 66.   (2) 40 C. J., p. 162, n. 2.   (3) 40 C. J., p. 168, n. 23.

APPEAL from a judgment of the Superior Court of Orange County. F. C. Drumm, Judge. Reversed.

The facts are stated in the opinion of the court.

Leonard Evans for Appellant.

Ames & McFadden for Respondent.

CURTIS, J.—Action brought to foreclose a mechanic's lien. The plaintiff and defendant, Joe Siegel, entered into a contract whereby plaintiff was to construct a frame dwelling-house and garage upon a certain lot owned by defendant Siegel situated in the city of Anaheim, county of Orange, and for which said defendant agreed to pay plaintiff the sum of $2,850, $1,000 of which sum was paid. Work under this contract was commenced on May 16, 1923, and the contract was completed about July 28, 1923, and on August 6, 1923, plaintiff filed for record his claim of lien against said real property. In the meantime, however, the defendant Siegel had borrowed of the defendant, the State Mutual Building & Loan Association, the sum of $2,800, evidenced by a promissory note in said amount, which note was secured by a trust deed to said real property, executed by defendant Siegel and wife in favor of the Title Insurance & Trust Company of Los Angeles, as trustee. This trust deed was delivered and recorded

2. See 17 Cal. Jur. 104.

five days after plaintiff commenced work under his contract to construct said house. The interest on said promissory note not having been paid when due, the trustee advertised and sold said real property according to the terms of said trust deed to satisfy the indebtedness evidenced by said promissory note, and at said sale the defendant, the State Mutual Building and Loan Association, became the purchaser of said real property and thereby became the owner of the legal title to the same. At the trial of said action the court sustained an objection to the introduction of said claim of lien upon the ground that by its terms it failed to meet the requirements of section 1187 of the Code of Civil Procedure, which provides that claims of lien shall contain among other things ''a general statement of the kind of work done or materials furnished by him, or both.'' Judgment was rendered in favor of defendant, State Mutual Building & Loan Association, and against plaintiff. From this judgment the plaintiff has appealed, and the sole point involved in this appeal is the sufficiency of the statement in said claim of lien ''of the kind of work done or materials furnished'' by plaintiff under his said contract. Plaintiff's claim of lien was as follows:

''Notice of Contractor's Claim of Lien.

''Notice is hereby given that on or about the 16th day of May, 1923, George E. Trout entered into a contract with Joe Siegel, for the construction and erection of a certain building on the premises, situated in the city of Anaheim, county of Orange, state of California, described as follows, to-wit:

''Lot 3 of the Scenic Tract according to a map thereof recorded in the office of the county recorder of Orange county, California.

''That the name of the owner or reputed owner of said premises is Joe Siegel, and the name of the contractor who engaged with the said Joe Siegel to erect said building is George E. Trout, the undersigned.

''That no notice of completion of said building has been filed as required by law.

''That the said contractor agreed to erect the building above indicated, and to furnish the materials to be used in the building and construction thereof, excepting the paint

and painting, upon the terms, at the times given and upon the conditions as follows, to-wit:

"Full contract price to be paid to the said contractor when the building was completed and all bills against the same shown to have been paid by the undersigned, which building was to have been completed 45 days from and after the commencement of work, but after the date of said contract, the same was amended so as to provide for greater dimensions and to include the building of a garage on said premises by the undersigned.

"That said contract has been fully performed on the part of said George E. Trout that all materials furnished were actually used in the construction of said building that said building was finished on the 28th day of July, 1923.

"That the amount of contract price for said building furnished as aforesaid is $3,050.00 in current lawful money of the United States, specified in the contract, but after the execution of said contract, it was understood and agreed between the said owner and said contractor that the same should be reduced $200.00, and the said contractor released from the obligation of painting said building, which undertaking the said owner took upon himself on account of said reduction in contract price, that the sum of $1,000.00 has been paid on account of said contract price and that the sum of $1,850.00 is still due and owing thereon to said contractor, George E. Trout, after deducting all just credits and offsets.

"Wherefore the said George E. Trout claims a lien upon the above described premises for the amount of said contract price still unpaid.

"GEO. E. TROUT."

It will be observed that this notice of lien states that the contract is "for the construction and erection of a certain building on the premises," describing them; that the contractor (plaintiff) agreed to erect said building and "to furnish the materials to be used in the building and construction thereof, excepting the paint and painting" and that said contract has been fully performed and "all of said materials furnished were actually used in the construction of said building that said building was finished on the 28th day of July, 1923."

[1]  The statutes of this state giving to mechanics and others liens upon real property for work done or materials furnished in the construction of buildings or other structures are to be liberally construed (sec. 14, chap. 681, Stats. 1911, p. 1319; *Continental etc. Assn.* v. *Hutton,* 144 Cal. 609 [78 Pac. 21]; *Corbett* v. *Chambers,* 109 Cal. 178, 184 [41 Pac. 875]). The court in *Corbett* v. *Chambers, supra,* states the rule as follows: ''The statute is a remedial statute, adopted in obedience to the requirements of the Constitution . . . , and is to be liberally construed in furtherance of the purposes for which it was authorized. The persons for whose benefit the statute is enacted are not presumed to be versed in the niceties of pleading, and the notices, which under its provisions they are authorized to give, have regard to substance rather than form.''

[2]  In the case of *Wagner* v. *Hensen,* 103 Cal. 104, 107 [37 Pac. 195], this court said, speaking of a notice of claim of lien: ''The purpose of the record and statement must be to inform the owner, in case of a contractor and laborers rendering service under such contract, as to the extent and nature of a lienor's claim, to facilitate investigation as to its merits.'' [3]  Was the notice of claim of lien as recorded by plaintiff sufficient to satisfy the purpose of the statute as defined by this court in the decision just quoted? There is no question that the owner and all persons claiming under him could ascertain from this notice the extent and nature of plaintiff's claim. The notice expressly states the contract price, the amount paid thereon, and the amount due. It further states that the contract was for the erection of a building upon the lot described therein. In this connection we might refer to the findings of the court in this action that the contract was for the construction of ''a certain building, to-wit: A dwelling house including an outbuilding for a garage''; that ''plaintiff has fully performed each and every of the terms of said contract'' and that all of said lands above described are necessary for the convenient use and occupation of said building. From these findings we may conclude that the building, including the garage, was the only structure upon said lot. This being the case the owner would have no difficulty, from the description of the building in the notice of lien and from an inspection of the

premises upon which it was constructed, in investigating the merits of lienholder's claim.   In this particular case he would have been in no better position had the notice of lien set out a minute description of the kind and character of the building with full detail as to the materials used and the labor performed in its erection.   There may be cases where a description more complete and comprehensive than that contained in the notice of lien in the present action may be required in order to properly protect the rights of the owner and those claiming under him.   But under the facts as found by the court in the action before us, we are satisfied that no possible injury could result or did result to the owner or the respondent herein by the general statement of the work done and materials furnished, contained in appellant's notice of lien.

The court erred to the serious prejudice of appellant in sustaining respondent's objection to the introduction of said claim of lien.

The judgment is therefore reversed.

Preston, J., and Seawell, J., concurred.