[Civ. No. 6289.  First Appellate District, Division One.—September 24, 1928.]

HAMMOND LUMBER COMPANY (a Corporation), Respondent, v. BURT RICHARDSON, etc., et al., Appellants.

Zach Lamar Cobb and Earl A. Littlejohns for Appellants.

R. L. Horton for Respondent.

BEAUMONT, J., *pro tem.*—This is an action for the foreclosure of a mechanic's lien upon real property in the city of Los Angeles. S. N. Reiss, defendant, owner of the property upon which the lien was claimed, entered into a contract with the Richardson Building & Engineering Co., Inc., a corporation, for the erection of a building. The plaintiff Hammond Lumber Company furnished the materials which were used in the construction of the building. Not being paid for such materials, plaintiff within the statutory time recorded a claim of lien, and subsequently brought this action. Plaintiff had judgment decreeing foreclosure, and from such judgment defendant Reiss has appealed.

Respondent had for some time before the date of the execution of the contract between the Richardson Building & Engineering Co., Inc., and appellant, done business with, and sold materials to, the Richardson Building & Engineering Co., believing that it was a fictitious name used by Burt Richardson. Without knowledge that a corporation had been formed or that appellant had entered into a contract with the Richardson Building & Engineering Co. as a corporation, it continued to do business with the "Richardson Building & Engineering Co.," and furnished the materials that were actually used in constructing the building on appellant's property. Burt Richardson was the president of the corporation, and his name appears as such officer on the contract entered into with the owner. In respondent's books the account covering the materials used was carried in the name of "Richardson Building & Engineering Co." The evidence shows that after the incorporation business was continued with respondent under the same name as before, and that the materials used in appellant's said building were supplied under the same name theretofore used, to wit, "Richardson Building & Engineering Co.," and that no

mention was made that the corporation had been formed, although such materials were in reality being furnished the corporation. One of the officers of the corporation testified that the name "Richardson Building & Engineering Co." was the name usually used in transacting the corporation's business, and that he, as general manager thereof, had bought the materials in question under that name.

The caption of the claim of lien recorded was as follows: "Hammond Lumber Company, a corporation, claimant, vs. Burt Richardson doing business under the fictitious name and style of Richardson Building & Engineering Company and S. N. Reiss, owners and reputed owners—Mechanic's Lien"; and in the body of said claim there appears: "(4) Names of persons to whom claimant furnished said materials are the Richardson Building & Engineering Company, above named." No question is raised as to the claim of lien, except as to its sufficiency in stating the name of the person to whom the materials were furnished.

Appellant has four specifications of error, but they are all in effect stated in the first specification, which is as follows: "Claim of lien is insufficient in that it did not truly state the name of person to whom plaintiff furnished the materials and because there was a fatal variance between the notice of lien and the proof." Section 1187 of the Code of Civil Procedure requires, among other things, that a lien claimant must in his claim of lien designate therein the name of the person by whom he·was employed or to whom he furnished the materials. ■ The purpose of the claim of lien, as contemplated in the Mechanic's Lien Law, in so far as it concerns the owner of the property against which the lien is claimed, is to give him constructive notice of the claimed lien; to inform him as to the nature and extent of the claim, and to facilitate investigation as to its merits. (*Trout* v. *Siegel*, 202 Cal. 706 [262 Pac. 320]; *Wagner* v. *Hansen*, 103 Cal. 104 [37 Pac. 195].)

■ The right of mechanics and materialmen to liens upon property upon which they have bestowed labor or furnished materials is constitutional (Cal. Const., art. XX, sec. 15). It is the function of the legislature to provide procedure for carrying this right into effect, and the statutes relating thereto are to be liberally construed with a view to effect their objects and promote justice. (*McClung* v. *Paradise*

*Gold Mining Co.*, 164 Cal. 517 [129 Pac. 774]; *Hammond Lumber Co.* v. *Barth Inv. Corp.*, 202 Cal. 601, 606 [262 Pac. 29, 31]; *Hebering* v. *Day*, 59 Cal. App. 13, 22 [209 Pac. 908].)

There is nothing in the evidence in the present case to show that the owner was misled to his injury in any way by failure of the claimant to state precisely the name of the corporation with which the contract was made, and to which the materials were furnished. It will not be presumed, in the absence of evidence to that effect, that he was so misled. (*Ross* v. *Putnam*, 46 Mo. 337.) Indeed, it is obvious that he was not misled, and the trial court so found. A general statement of this phase of the Mechanic's Lien Law is given in Corpus Juris (vol. 40, pp. 235, 236) as follows: "As a rule a mistake in the statement as to the name of the person with whom plaintiff contracted or by whom he was employed . . . will not defeat the lien, where there was no intention to deceive and no one has been misled to his detriment." (*First Presbyterian Church* v. *Santy*, 52 Kan. 462 [34 Pac. 974]; *H. F. Cady Lumber Co.* v. *Conkling*, 70 Neb. 807 [98 N. W. 42]; *Eberle* v. *Drennan*, 40 Okl. 59 [136 Pac. 162]; *Osborn* v. *Logus*, 28 Or. 302 [51 L. R. A. (N. S.) 68, 37 Pac. 456, 38 Pac. 190, and 42 Pac. 997].) Our own state courts have followed the general rule. (*Tibbetts* v. *Moore*, 23 Cal. 208; *Jewell* v. *McKay*, 82 Cal. 144 [23 Pac. 139]; *Hazard, Gould & Co.* v. *Rosenberg*, 177 Cal. 295 [170 Pac. 612].)

In *Osborne* v. *Logus, supra,* the contract for construction was executed by the defendant Logus, owner of certain property, with C. N. Holmes & Company. The claim of lien stated that the materials were furnished to "J. W. Holm & Brother." It was alleged in the complaint that the materials were furnished to J. O. Holm and C. N. Holm, partners, doing business under the firm name of J. O. Holm & Brother. After referring to certain of the evidence the court said: "But however this may all be, it is clearly apparent that the defendant Logus, who alone is contesting this appeal, has not been misled to his injury in any respect by the allegations in the complaint touching these parties or their firm name, and we are, therefore, not inclined to hold that there is such a disagreement between the proofs and the allegations as to constitute a variance fatal to plain-

tiff's case.'' Further in the same opinion, in referring to the sufficiency of the claim of lien, the court points out that it is not apparent that the defendant has been misled to his injury, and states: ''The name J. W. Holm & Brother was evidently placed in the claim of lien in good faith by Osborn. The account was kept with the contractors under that name. . . . The lien claimant, having acted in entire good faith in filing his claim of lien, it ought to be clearly manifest that the parties have been misled to their injury before a slight misnomer of the contractor's firm name should be allowed to defeat the lien. This last objection is not well taken.''

In *Lichtenstein* v. *Grossman Construction Corp.*, 221 App. Div. 527 [225 N. Y. Supp. 118], the sufficiency of the lien was questioned. The court said: ''The lien law, section 9, requires that the name of the person by whom the lienor was employed or to whom he furnished materials must be specified in the lien. The notice in question contains the statements: . . . The name of the person to whom he furnished or is to furnish materials is Morris Margowitz, president of Grossman Construction Corporation. . . . This is a sufficient compliance with the statute. The lienors have named the defendant Grossman Construction Corporation, but in effect the lien states that the contract was made with the president of that corporation, whose name appears. Even if this were error, it might well be disregarded, since there is not a total failure of compliance with the requirements of the statute in this respect.''

The claim of lien in the present case was sufficient to give the owner the notice contemplated by the statute. Defendant was not misled to his injury, as heretofore pointed out; and there is no material variance between the claim of lien and the proof.

■ Appellant alleges in his fourth specification of error that the finding of the court that appellant was not misled by the use of Richardson Building & Engineering Co., instead of Richardson Building & Engineering Co., Inc., in the claim of lien is not supported by the evidence. While this specification is in effect disposed of in the foregoing part of the opinion, we particularly call attention to the fact that appellant is not in position to complain of the finding, for the reason that this question was put in issue by

appellant in his answer and no evidence was offered in support thereof. In such case the court properly found against him. (24 Cal. Jur. 945; *Monterey County* v. *Cushing*, 83 Cal. 507 [23 Pac. 700].) "Where no evidence is introduced in regard to an issue, or the evidence is insufficient to support it, the finding thereon should be against the party having the burden of proof." (38 Cyc., p. 1985.)

We deem it unnecessary to advert to the remaining specifications of error, as they are in substance but a restatement of specification one. Judgment affirmed.

Tyler, P. J., and Knight, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on October 23, 1928, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 22, 1928.

All the Justices concurred.