[Sac. No. 4337. In Bank.—February 20, 1931.]

CONSOLIDATED PIPE COMPANY (a Corporation), Respondent, v. CHARLES WOLSKI et al., Appellants.

Matot & Stafford, W. F. Stafford and Kenneth E. Matot for Appellants.

Siemon & Garber for Respondent.

WASTE, C. J.—The plaintiff brought this action to foreclose a lien for materials alleged to have been sold to the defendants and used by them in the sinking of a well. Defendant Dionne did not appear. Defendant Wolski, owner of the land, interposed an answer in which he denied the allegations of the complaint and set up certain special

defenses. At the outset of the trial, it was stipulated that all the allegations of the complaint were true, except the allegations charging the defendant [Wolski] with personal liability for the amount of the claim. The trial court found *all* the allegations of the complaint to be true, and, in addition, that after the material was furnished by plaintiff the defendant Wolski "ratified and affirmed" the purchase.

Appellant contends that there is a fatal variance between the statements in the claim of lien, as to the ownership of the land and as to whom the materials were sold, and the allegations in the complaint and the facts found by the court; also that neither the allegations nor the findings find support in the evidence. Wolski owned the ranch. Dionne was his tenant farming it, and Wolski had an interest in the crops to the extent of "getting his money" out of Dionne. In order that Dionne might finance the place, Wolski and his wife executed a crop mortgage to one Sachem for $1500, and the evidence indicates that the well was to be paid for out of this fund. The evidence in the case is very unsatisfactory, but its weight and sufficiency were the problem of the trial court. It can hardly be doubted that Wolski knew of the need of the well. Plaintiff sold the materials to Dionne on the latter's representation that he was farming the land for Wolski, and that Wolski sent him money to pay the local bills. After ascertaining the financial rating of Wolski, plaintiff sold the goods, first charging the account to Dionne and subsequently charging it to Wolski.

█ Though the evidence is unsatisfactory, inferences may be drawn therefrom in support of the findings and judgment. The outstanding fact is that plaintiff's goods have been actually used in the construction of an improvement on the land of Wolski, from which he no doubt benefited. At the time appellant claims he first knew of the construction of the well plaintiff might have regained its goods, but, on the assurance of appellant that it would get its money, the plaintiff refrained from thus protecting itself.

█ Liens of mechanics or materialmen will not be held invalid unless they tend to defraud or fail to impart notice. (Code Civ. Proc., sec. 1203.) █ No variance between allegations in a pleading and the proof is to be deemed material unless it has misled the adverse party. (Code Civ. Proc., sec. 469.) The opinion of this court in *Ogden* v.

*United Bank etc. Co.*, 206 Cal. 571 [275 Pac. 430], lends abundant support to the conclusion of the trial court.

The judgment is affirmed.

Seawell, J., Richards, J., Curtis, J., Preston, J., Shenk, J., and Langdon, J., concurred.