[Civ. No. 14583.    First Dist., Div. Two.    June 25, 1951.]

CHARLES W. LANNIN et al., Appellants, v. DUDLEY V. SARGEANT et al., Respondents.

ROY F. FORD, Appellant, v. DUDLEY V. SARGEANT et al., Respondents.

ANTHONY CAGLIA, Appellant, v. DUDLEY V. SARGEANT, Respondent.

Kirby, Pasquinelli & O'Connor and Timothy A. O'Connor for Appellants.

John H. Machado for Respondents.

NOURSE, P. J.—Three appeals were taken by the three plaintiffs from judgments in favor of defendants in actions to foreclose three mechanic's liens.    The three actions were consolidated for trial but separate judgments were entered. The three plaintiffs furnished materials and labor to one Arnott to be used in a building which he constructed for the defendants Sargeant under an express contract.

The three liens filed by plaintiffs all named the Sargeants as the persons to whom the labor and materials were furnished rather than the contractor.    The trial court gave judgments against all three plaintiffs holding that the liens did not conform to the provisions of section 1203, Code of Civil Procedure.

The appellants contend that since the action to fore-

close the liens is one in equity their error in naming the persons to whom the labor and materials were furnished should be disregarded inasmuch as the owners had actual notice of the claims and that a substantial compliance with the provisions of the code section is all that should be required. But we are not convinced that actual notice of the filing of some claim is all that the statute requires. The owners knew that claims had been filed against them, but they also knew that the claims were invalid because they covered materials and labor for which they had not contracted. With seeming deliberate intent the claimants failed to state that the labor was performed for and the materials were furnished to the builder under express contracts with him and without any privity with the owners.

The claims of liens were received in evidence but have not been sent up with the record. But each complaint alleged that the labor was performed, or the materials were furnished under the contract with the defendants at their request. In each case the trial court found that these allegations were not true. The evidence fully supports these findings.

The appeals are controlled by *Hogan* v. *Bigler,* 8 Cal.App. 71, 72 [96 P. 97], where the court said: ''Plaintiffs sold the lumber directly to Hambleton—that is, Hambleton was the party who went to them and ordered the lumber. They knew him, and no matter what he stated as to the party for whom he was purchasing the lumber, they could easily have complied with the law by stating the fact in their claim of lien as to whom the lumber was furnished. The courts have uniformly held that the party who desires to avail himself of the provisions of the mechanic's lien law so as to charge the land or building of a third party with a debt incurred by another and not by the owner, must comply substantially with the statutory requirements as to making out in writing and verifying his claim of lien. We have no power to dispense with the plain requirements of the statute. The legislature saw fit to require that the claim should state the name of the person to whom the materials were furnished. The claim in this case does not do so; hence it cannot be the basis for the enforcement of a lien on the land of the defendant Louisa Bigler.''

Judgments affirmed.

Goodell, J., and Dooling, J., concurred.