[Civ. No. 27882. Second Dist., Div. Three. Aug. 27, 1965.]

WAND CORPORATION, Plaintiff and Appellant, v. SAN GABRIEL VALLEY LUMBER COMPANY, Defendant and Respondent.

Lawson M. Brown for Plaintiff and Appellant.

Howard Painter and Louis Miller for Defendant and Respondent.

KAUS, J.—The trial court granted defendant a summary judgment in an action to foreclose a mechanic's lien.

The complaint, in brief, alleged the ownership by defendant of the real property in question, the fact that by contract with Walter H. Sargent, Inc., ("Sargent") plaintiff furnished materials and labor in the construction of an office building on the real property in question, their reasonable value, nonpayment, the giving of the statutory prelien notice pursuant to Code of Civil Procedure, section 1193, and the filing and recording of a claim of lien. The two paragraphs of the complaint alleging the giving of the notice and the filing

and recording of the claim of lien are set forth in full in the footnote.[1]

Defendant's answer admitted the allegations concerning the giving of the notice, but denied paragraph VIII, alleging the filing and recording of the lien, except that defendant admitted "that plaintiff did record in the office of the County Recorder its purported claim of lien. . . ."

The answer was filed on August 1, 1962. In April of 1963 defendant noticed a motion for summary judgment. The entire burden of the motion is this: Plaintiff's lien did not comply with Code of Civil Procedure, section 1193.1, subdivision (j)(4), in that the lien did not contain "the name of the person by whom he was employed or to whom he furnished the materials," that is to say, Sargent. A photostatic copy of the claim of lien filed and recorded, the authenticity of which is not in dispute, shows that on the line of the printed form where plaintiff should have inserted Sargent's name, the word "claimant" appears. In other words, according to the claim of lien, plaintiff had made a contract with itself.

The trial court agreed with defendant, the motion for summary judgment was granted and judgment entered.

It will be noted that the imperfection of the lien, revealed *in haec verba* by defendant's affidavit, was inferentially admitted by the complaint which failed to allege that the claim of lien contained the statement required by Code of Civil

---

[1] "VII On or before April 9, 1962, and more than fifteen days prior to the filing of the claim of lien, more particularly described hereinafter, plaintiff furnished to defendants SAN GABRIEL [*sic*] LUMBER COMPANY and DOES 1 to TEN, inclusive, a written notice containing a general description of the labor, service, equipment or materials furnished in connection with the construction of the building and improvement situated on the real property described above, together with the name and address of plaintiff, *and the name of the person who contracted for purchase of such labor, services, equipment, or materials*. VIII Plaintiff, in order to secure its claim, on April 25, 1962, caused to be filed for record in the Office of the County Recorder of Los Angeles County, California, its claim of lien against the above-described real property and premises. The claim of lien bears recorders serial number 4628 and is recorded in Book M998, Page 714, Official Records of the said county. The claim of lien was verified and contains the statements which are required by law, as follows: (a) Statement of plaintiff's demand after deducting all just credits and offsets, which demand was the sum of $1,973.00; (b) The name of the reputed owner of said premises: San Gabriel [*sic*] Lumber Company; (c) the nature of the materials furnished and the labor bestowed by plaintiff to the above-described premises; (d) A description of the premises to which plaintiff furnished the materials and bestowed labor. The description was sufficient for identification and was the same set forth in this complaint." (Italics added.)

Procedure, section 1193.1, subdivision (j)(4). (*Clements* v. *T. R. Bechtel Co.*, 43 Cal.2d 227, 238 [273 P.2d 5].)

It bears emphasis that the answer admits that 16 days before the claim of lien was recorded, defendant received the prelien notice prescribed by Code of Civil Procedure, section 1193. This section requires the notice to contain the ''name of the person who contracted for purchase of such labor, services, equipment or materials.'' Defendant therefore admits that before the claim of lien was recorded, it was notified that plaintiff's contract was with Sargent.[2]

The purpose of the prelien notice prescribed by section 1193 is to advise the owner even before a claim of lien is recorded that his property may be subjected to a lien arising out of a contract to which he is not a party. (*Alta Bldg. Material Co.* v. *Cameron,* 202 Cal.App.2d 299, 304 [20 Cal. Rptr. 713]; cf. *Borchers Bros.* v. *Buckeye Incubator Co.,* 59 Cal.2d 234, 239-240 [28 Cal.Rptr. 697, 379 P.2d 1].)

It is further clear that the record contains no suggestion that the defect in the lien was due to an intent to defraud or worked to the prejudice of defendant or of an innocent third party.

Whether or not the laws relating to mechanics' liens are to be strictly or liberally construed has been the subject of much judicial discussion. We doubt that all decisions can be reconciled. Thus on the one hand, the Supreme Court said in *Santa Monica L. & M. Co.* v. *Hege,* 119 Cal. 376 [51 P. 555]: ''The effect of a variance between a pleading and the proof is not governed by the same rules as in the case of a variance between the notice of lien and the proof. The notice of lien must contain a correct statement of the facts required by the statute, and, unless so stated, no lien can be enforced; while a variance between the pleading and proof is not material unless the adverse party has been misled thereby to his prejudice.'' (*Ibid.,* p. 380.)

On the other hand in *Consolidated Pipe Co.* v. *Wolski,* 211

---

[2]The requirement of section 1193 to set forth the name of the person with whom the plaintiff contracted is not quite identical with that of section 1193.1, subdivision (j)(4), that claimant give the name of the person by whom plaintiff was employed or to whom he furnished the materials. The distinction is insubstantial. In *Prince* v. *Hill,* 170 Cal. 192 [149 P. 578], where the plaintiff attempted to comply with a predecessor statute of Code of Civil Procedure, section 1193.1, subdivision (j)(4), by giving the name of the contractor, the court said: ''This sufficiently shows that the name of the person to whom the materials were furnished and for whom the labor was done was F. T. Whitcomb. The statute does not require such literal exactness and rigid adherence to precise form as the appellants contend.'' (*Ibid.,* p. 195.)

Cal. 563 [296 P. 277], the court said this: "Liens of mechanics or materialmen will not be held invalid unless they tend to defraud or fail to impart notice. (Code Civ. Proc., § 1203.) No variance between allegations in a pleading and the proof is to be deemed material unless it has misled the adverse party. (Code Civ. Proc., § 469.)" (*Ibid.*, p. 564.)

The question of strict as opposed to liberal interpretation is further confused in our case law by Code of Civil Procedure, section 1196.1[3] and its predecessor statutes, Code of Civil Procedure, sections 1203a and 1203. Unquestionably section 1196.1 was designed to ameliorate certain harsh decisions. Unfortunately, however, from plaintiff's point of view, it specifically refers only to two of the five matters which must be contained in a claim of lien under section 1193.1, subdivision (j). Section 1196.1, as far as its express language goes, says nothing about mistakes or errors in the claim of lien with reference to the name of the owner or reputed owner, the "statement of the kind of work done or materials furnished" or the name of the person by whom [the claimant] was employed or to whom he furnished the materials, all matters which must be contained in the claim of lien in addition to the statement of the demand and the description of the property, the two matters to which section 1196.1 does refer. Yet, with some notable exceptions, section 1196.1 has had a rather profound effect on the manner in which our decisions have interpreted the statutory requirements of section 1193.1 and its predecessor sections, notably former section 1187. The result has been a more liberal construction in one of two ways: either by way of a recognition that section 1196.1, though restricted in its application, indicates a legislative policy of liberal construction in matters not mentioned in the section; or by applying section 1196.1 to mistakes and errors not mentioned in the section at all.[4] An example of the

---

[3]"No mistakes or errors in the statement of the demand, or of the amount of credits and offsets allowed, or of the balance asserted to be due to claimant, or in the description of the property against which the claim is filed, shall invalidate the lien, unless the court finds that such mistake or error in the statement of the demand, credits and offsets, or of the balance due, was made with the intent to defraud, or the court shall find that an innocent third party, without notice, direct or constructive, has since the claim was filed, become the bona fide owner of the property liened upon, and that the notice of claim was so deficient that it did not put the party upon further inquiry in any manner."

[4]*Ogram* v. *Welchoff*, 40 Cal.App. 298, 301 [180 P. 631], declares outright that section 1196.1 evinces a legislative intent of "greatest liberality" in matters outside the specific coverage of the section.

first type of decision is *Trout* v. *Siegel*, 202 Cal. 706 [262 P. 320], where a technical defect in the notice of lien respecting the "kind of work done or materials furnished" was excused, because "no possible injury could result or did result to the owner." An example of the direct application of section 1196.1 to a requirement of section 1193.1, subdivision (j), not mentioned in section 1196.1 is *Johnson* v. *Smith*, 97 Cal.App. 752 [276 P. 146], where a claim of lien which contained no specification of the kind of materials furnished was held to be good, in at least partial reliance on the section.

The trend has not all been one way. In *Norton* v. *Bedell Engineering Co.*, 88 Cal.App. 777 [264 P. 311], the court refused to apply section 1196.1 either directly or by analogy where the lien did not set forth the kind of work done or materials furnished, but did state that the claimant furnished "the labor and material actually used in the construction of said building." Even more in point is *Hogan* v. *Bigler*, 8 Cal.App. 71 [96 P. 97], where the claim of lien stated that lumber was sold and furnished to Crawford and the evidence showed that it was sold to Hambleton. It cannot be ascertained from the opinion whether or not the facts on which the case is based took place before or after the effective date of the original predecessor of section 1196.1, that is to say section 1203a. (Cal. Stats. 1907, p. 858; cf. *D. I. Nofziger Lumber Co.* v. *Waters*, 10 Cal.App. 89, 91 [101 P. 38].) In any event the opinion does not refer to the section and relies exclusively on cases decided before its enactment. *Hogan* v. *Bigler, supra,* is the sole authority for the later case of *Lannin* v. *Sargeant*, 105 Cal.App.2d 76 [232 P.2d 878], where the claimant "with seeming deliberate intent" failed to state that the labor was performed for and the materials were furnished under express contracts with the builder. In fact the claims of lien specifically named the owner as the person to whom the labor and materials were furnished.

As we have said before, reconciliation of all decisions in this field is perhaps impossible. The last three cited cases, however, can be legitimately distinguished from the one at bench. As far as the *Norton* case is concerned, we are satisfied that if it is meant to stand for the broad proposition that the portion of 1193.1, subdivision (j) which requires a general statement of the kind of work done or materials furnished must be literally applied, it is out of tune with *Trout* v. *Siegel*, 202 Cal. 706 [262 P. 320], decided a few weeks earlier. The *Hogan* and *Lannin* cases are easily distinguishable on

their facts. In each case the claim of lien named the wrong person as the one to whom the materials were allegedly furnished. The report in *Hogan* does not tell us where Crawford, the person named, fits into the picture. In *Lannin* the misnaming was, according to the court, "with seeming deliberate intent."

The purpose of requiring the claimant to reveal the identity of the person to whom he furnishes the materials, is to give the owner an opportunity to ascertain the truth of the claim and to protect himself against double payment as best he can. (*Trout* v. *Siegel, supra,* at p. 710; *Corbett* v. *Chambers,* 109 Cal. 178, 182 [41 P. 873]; *Diamond M. Co.* v. *Sanitary F. Co.,* 70 Cal.App. 695, 702 [234 P. 322].)[5] That very purpose, however, is also served by Code of Civil Procedure, section 1193, subdivision (a), enacted in 1959, requiring a prelien notice containing substantially the same information called for by section 1193.1, subdivision (j)(4), which notice was admittedly given in the case at bench. If there is a single unifying thread which explains most, though not all, of the bewildering array of cases in this field, it is the principle that where the purpose of the requirement of section 1193.1, subdivision (j)(4), is achieved and no one is prejudiced, technical requirements shall not stand in the way of achieving the purpose of the Mechanics Lien Law.[6] Professor Bottomley, in a recent article felt justified in saying this: "The decisions dealing with defective claims of lien seem generally to be in accord with the objectives of section 1193.1 (j) and section 1196.1. In the absence of a showing of intent to defraud (extremely difficult to prove) the courts have almost uniformly upheld the claim unless the defect is one which would not charge the owner or, more importantly, a new owner with constructive notice of the claims." (16 Hastings

[5]The *Diamond M. Co.* case seems superficially in point here, because the mistake made by the claimant there is similar to the mistake made here: he named himself as the owner of the property. But there is a distinction: no search of the index by the owner would have revealed the recording of that particular claim of lien.

[6]*Consolidated Pipe Co.* v. *Wolski,* 211 Cal. 563, 564 [296 P. 277]; *Trout* v. *Siegel,* 202 Cal. 706, 710 [262 P. 320]; *Hazard, Gould & Co.* v. *Rosenberg,* 177 Cal. 295, 297 [170 P. 612]; *Jarvis* v. *Frey,* 175 Cal. 687, 690 [166 P. 997]; *Borello* v. *Eichler Homes, Inc.,* 221 Cal.App.2d 487, 492 [34 Cal.Rptr. 648]; *Brooks* v. *Duskin,* 159 Cal.App.2d 629, 634 [324 P.2d 351]; *Ingersoll* v. *Chaplin,* 127 Cal. App. 290, 291-293 [15 P.2d 790]; *Richmond Sanitary Co.* v. *Franklin,* 122 Cal.App. 229, 232 [9 P.2d 855]; *Hammond Lumber Co.* v. *Richardson,* 94 Cal.App. 119, 121 [270 P. 751]; *Ogram* v. *Welchoff,* 40 Cal.App. 298, 301 [180 P. 631].

L. J., 163, at p. 168.) Even *Hogan* v. *Bigler, supra,* defendant's best case, recognizes this inferentially, when the court says that a claim of lien naming the wrong person ''would be more objectionable and defective than if the claim of lien had contained no statement. In the one case no information is given; and in the other, information is given which is untrue and misleading.'' (*Ibid.*, p. 72.)

The distinction made by respondent between errors and mistakes on the one hand and total omissions on the other, though having some basis in case law—*Norton* v. *Bedell Engineering Co., supra,* for instance—is not only illogical but could, if recognized, lead to endless quibbles and most unfortunate results. It is illogical, because errors and omissions are not opposites. There are errors of omission and of commission. How would one classify respondent's error? Since a party cannot contract with himself, is there a total omission of the naming of the contractor? Unjust results would inevitably follow from the application of such a distinction—if it can be applied—because as the court in *Hogan* points out, misinformation is worse than no information.

We hold then that where the prelien notice under section 1193 correctly designates the party who should also be named under section 1193.1, subdivision (j)(4) and where the notice of lien which is recorded is not fraudulent and does not mislead the owner or innocent third persons the mistake is not necessarily fatal to the enforcement of the lien.

Mere proof of the mistake does not, therefore, mean that plaintiff cannot prevail. It appears that on the issues of fraud and actual prejudice the owner has the burden of proof. (*Callahan* v. *Chatsworth Park Inc.,* 204 Cal.App.2d 597, 608 [22 Cal.Rptr. 606]; *Hammond Lumber Co.* v. *Richardson,* 94 Cal.App. 119, 123-124 [270 P. 751].) It therefore should plead them. If defendant feels justified in doing so, we are certain that a motion for leave to amend the answer will not fall on deaf ears.

The judgment is reversed.

Shinn, P. J., and Ford, J., concurred.