Filed 4/4/16  Ellis Contracting v. Superior Court CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| ELLIS CONTRACTING, INC., | D068871 |
| Petitioner, | |
| v. | (San Diego County Super. Ct. No. 37-2014-00043744-CU-BC-CTL) |
| THE SUPERIOR COURT OF SAN DIEGO COUNTY, | |
| Respondent; | |
| DEL MAR HIGHLANDS TOWN CENTER ASSOCIATES II, LLC, | |
| Real Party in Interest. | |

PETITION for a writ of mandate challenging an order of the Superior Court of San Diego County, Gregory W. Pollack, Judge.  Petition granted, remanded for further proceedings.

Harmeyer Law Group and Jeff G. Harmeyer for Petitioner.

No appearance for Respondent.

Green & Hall and Jered Taylor Ede for Real Party in Interest.

This writ proceeding arises from a lawsuit brought by petitioner Ellis Contracting, Inc. (Ellis) to foreclose its mechanic's lien in the amount of $93,235.70, arising from it constructing tenant improvements to a storefront shopping center property leased by 20 Lounge Del Mar, LLC (20 Lounge) and owned by Del Mar Highlands Town Center Associates II, LLC (Highlands).

The issue presented is whether, in the absence of any indicia of fraud or intent to deceive or mislead, the omission of the shopping center's street address or legal description on the mechanic's lien form invalidated the lien. We conclude that omission of that information did not prejudice Highlands, and therefore the trial court erred by expunging the lis pendens and mechanic's lien.

## BACKGROUND

Ellis sued 20 Lounge and Highlands, alleging causes of action for breach of contract, assumpsit, quantum meruit, and foreclosure of mechanic's lien. Ellis filed a lis pendens on the property arising from the mechanic's lien.

The completed mechanic's lien form includes the following information: 20 Lounge employed Ellis, whose name and address is provided, to undertake "tenant improvement build out of existing space." (Capitalization omitted.) Highlands, whose name and address is provided, owned the place where the repairs were carried out. Ellis

2

is owed $93,235.70 for the work completed.  The street address or legal description of the place where Ellis performed the work was omitted on the mechanic's lien form.[1]

The record contains a proof of service affidavit indicating the mechanic's lien form was served on Highlands.  The record also includes an e-mail, with a copy of the completed mechanic's lien form attached, which Ramona Vidales, a project administration manager at Donahue Schriber Realty Group, sent to Valerie Griggs and to Highlands's property manager, Russ Monroe.  Griggs stated in a deposition that she had received the e-mailed copy of the mechanic's lien form, and she believed Highlands was Donahue Schriber Realty Group's parent company.

Highlands moved to expunge the lis pendens and mechanic's lien, arguing that because the mechanic's lien form omitted a street address or a legal description of the property, it was invalid under Civil Code[2] section 8416.  In opposition, Ellis relied on section 8422, which states that "erroneous information contained in a claim of lien relating to . . . the description of the site, does not invalidate the claim of lien."  The superior court granted the motion to expunge, distinguishing between an omission of

------

[1]    The complaint states 20 Lounge is located at 12925 El Camino Real, Suite J-2, San Diego, California.

[2]    All statutory references are to the Civil Code.  Under section 8416, a lien claimant (the worker or materialman) is required to include certain information in the mechanic's lien: the name of the owner; a statement of the kind of work furnished by the claimant; the name of the person who employed the claimant; a description of the site sufficient for identification; the claimant's address; and a proof of service affidavit.

3

information and erroneous information on the mechanic's lien form. The court relied on case law to rule that although section 8422 would apply to an erroneous street address or legal description of the property, it does not apply to a total omission of that information.[3]

We issued an order to show cause and a temporary stay on the trial court proceedings.

DISCUSSION

Ellis contends the court erred by refusing to apply section 8422 based on a misapplication of outdated case law, starting with *Penrose v. Calkins* (1888) 77 Cal. 396 (*Penrose*), which is inapplicable because it predates section 8422. Ellis argues that under more recent authority, section 8422 applies to both errors of commission and omission. Thus, because Highlands received actual notice, the court should not have invalidated the lien. Highlands does not admit or deny that it received actual notice of the mechanic's lien; rather, it claims the issue is irrelevant. Highlands contends that *Penrose* and its progeny, which hold that the omission of a property's street address or legal description invalidates a mechanic's lien, apply here.

The parties do not dispute the facts set forth above. They also agree that we review the trial court's ruling de novo under *Howard S. Wright Construction Co. v.*

---

[3]    The record does not include a transcript of the hearing on the motion to expunge the mechanic's lien.

4

*Superior Court* (2003) 106 Cal.App.4th 314, 320, which held, "We independently review the effect and significance of the undisputed evidence and draw our own legal conclusions."

California's Mechanic's Lien law (§ 8400 et seq.), which is derived from a constitutional mandate to protect laborers and materialmen (Cal. Const. Art. XIV, § 3), permits a person who furnishes labor or materials on a work of improvement, and who is owed money on the project, to file a lien against the real property upon which the work is located. (§ 8400; *Connolly Development, Inc. v. Superior Court* (1976) 17 Cal.3d 803, 808.) The mechanic's lien statutes were intended to prevent the unjust enrichment of a property owner at the expense of a laborer or a material supplier. (*T.O. IX, LLC v. Superior Court* (2008) 165 Cal.App.4th 140, 146.)

The California Supreme Court declared that "the recordation of a mechanics' lien . . . inflicts upon the owner only a minimal deprivation of property; that the laborer and materialman have an interest in the specific property subject to the lien since their work and materials have enhanced the value of that property; and that state policy strongly supports the preservation of laws which give the laborer and materialman security for their claims. In measuring these values, we do not deal in cold abstractions: we take into account the social effect of the liens and the interests of the workers and materialmen that the liens are designed to protect. We measure these valued interests against the loss, if any, caused to the owner. The balance tips in favor of the worker and the materialman." (*Connolly Development, Inc. v. Superior Court, supra,* 17 Cal.3d at p. 827.) This policy declaration guides the result in this case.

In *Penrose,* the California Supreme Court held, without much analysis, that an omission of a description of the property invalidates a lien. (*Penrose, supra,* 77 Cal. at pp. 396-397 ["The only reference to any real estate in the notice [was] as follows: 'That certain lot and parcel of land situated in said county of Nevada, state of California, and sought to be charged with this lien, and described as follows, to wit.' "].)

In 1907, well after *Penrose* was decided, former section 1203, the predecessor to section 8422, was enacted and provided that "no mistake or errors . . . in the description of the property . . . shall invalidate the lien." Currently, section 8422 states that "erroneous information contained in a claim of lien . . . does not invalidate the claim of lien." Although the language has changed slightly, the Legislature clarified that the mechanic's lien statutes "shall be construed as a restatement and continuation [of the predecessor statute] and not as a new enactment." (§ 8052, subd. (c).)

As the trial court found, some cases have held that an omission of information regarding the property invalidates the lien. (See, e.g., *Bishop v. Hayward Lumber and Investment Co.* (1937) 19 Cal.App.2d 234, 237 [the lien provided no description of the property, thus the court applied *Penrose, supra,* 77 Cal. 396]; *Hayward Lumber & Investment Co. v. Pride of Mojave Mining Co.* (1941) 43 Cal.App.2d 146, 147 [also applying *Penrose* to invalidate a lien: "The court holds that the mere reference to certain mining claims in the notice of lien, is not sufficient to cure the defect in the erroneous description of the property. . . . [T]here may be many mining claims bearing the same name as those mentioned in the notice of lien."].) Although these two cases were decided

6

after the enactment of section 8422's predecessor statute, they followed *Penrose* with little to no consideration of the statutes addressing errors in the lien.

There is no question that under section 8422, actual mistakes made in the description of the property provided do not invalidate a lien. For example, listing the address as "2546 Folsom Street, Los Angeles, California" instead of the correct address, "2436 Folsom Street, Los Angeles, California" does not invalidate a lien so long as a reasonable person could rely on the information on the lien to find the correct property. (*Bothum v. Kreis* (1929) 101 Cal.App. 683, 684-686.)

The key question raised here is whether an omission of a property's street address or legal description should be treated differently than a mistake in that information. In *Wand Corp. v. San Gabriel Valley Lumber Co.* (1965) 236 Cal.App.2d 855 (*Wand*), the court declined to treat the two differently: "The distinction made by respondent between errors and mistakes on the one hand and total omissions on the other, though having some basis in case law. . . is not only illogical but could, if recognized, lead to endless quibbles and most unfortunate results. It is illogical, because errors and omissions are not opposites. There are errors of omission and of commission . . . . Unjust results would inevitably follow from the application of such a distinction—if it can be applied—because . . . misinformation is worse than no information." (*Wand,* at p. 862.)

In *Wand, supra,* 236 Cal.App.2d 855, the claimant failed to list " 'the name of the person by whom he was employed or to whom he furnished the materials.' " (*Wand,* at p. 857.) After reviewing a number of decisions in which the claimant failed to comply precisely with one of the statutory requirements, the court in *Wand* observed: "If there is

7

a single unifying thread which explains most, though not all, of the bewildering array of cases in this field, it is the principle that where the purpose of the requirement of [the statute] is achieved and no one is prejudiced, technical requirements shall not stand in the way of achieving the purpose of the Mechanics Lien Law." (*Id.* at p. 861.) The court ultimately concluded the claimant had substantially complied with the statute: "We hold then that where the prelien notice under [former] section 1193 correctly designates the party who should also be named under [former] section 1193.1, subdivision (j)(4) and where the notice of lien which is recorded is not fraudulent and does not mislead the owner or innocent third persons the mistake is not necessarily fatal to the enforcement of the lien." (*Wand,* at p. 862.)

As the court reasoned in *Wand, supra,* 236 Cal.App.2d 855, the critical concern is that the lien is sufficient to provide notice to both the property owner and third parties and there is no intent to defraud. As another court explained, "errors in the description may be disregarded if the identification of the property is otherwise sufficient and where the notice of lien which is recorded is not fraudulent and does not mislead the owner or innocent third persons." (*Howard A. Deason & Co. v. Costa Tierra Ltd.* (1969) 2 Cal.App.3d 742, 754.)

These concerns are absent here, as Highlands has not alleged, either in the trial court or on appeal, that it was prejudiced by absence of 20 Lounge's street address or legal description on the mechanic's lien form. There has been no suggestion that Ellis intended to defraud anyone. Also, the lien form is sufficient, on its face, to provide

8

notice.  The lien form names both 20 Lounge as the employer and Del Mar Highlands Town Center as the property owner.  Highlands has not argued that more than one business named "Del Mar Highlands Town Center" exists in San Diego County.  As the court in *Industrial Asphalt*, *Inc. v. Garrett Corp.* (1986) 180 Cal.App.3d 1001 stated, "Where the purpose of the [relevant statute] is achieved and no one is prejudiced, technical requirements shall not stand in the way of achieving the purpose of the Mechanics Lien Law."  (*Id.* at pp. 1009-1010.)  The court also declined to apply the statute strictly:  "We do not believe that the statute's purpose should, or does, lead to this aridly formalistic result."  (*Id*. at p. 1006 ["strict statutory construction would allow a party who received the required notice to be insulated from liability"].)

Here, the lien does not cause confusion or uncertainty regarding which property it applies to, particularly as to Highlands, which is not a third party, but the owner of the business that was repaired.  (Accord, *Bothum v. Kreis*, *supra,* 101 Cal.App. at p. 685 [stating with regard to section 8422's predecessor statute:  "With such liberality as the closing part of the section indicates shall be exercised in favor of the lien as against an innocent third party purchaser, there can be no doubt of the intention to exercise the greatest liberality in favor of the lien as against the owner . . ."].)  Further, the predecessor statute was interpreted to "mean that such a party shall ignore mistakes and errors and make a sincere attempt to ascertain what property is intended to be described."  (*Bothum v. Kreis*, at p. 1286.)  Highlands has not shown that it made a "sincere attempt"

9

to ascertain what work Ellis provided, and where, but was unable to do so based on the mechanic's lien form. "It appears that on the issues of fraud and actual prejudice the owner has the burden of proof." (*Wand, supra,* 236 Cal.App. 2d at p. 862.)

The closest Highlands comes to making a showing of prejudice is by arguing in its informal response: "If [Ellis's] argument were to be adopted and actual notice were to overrule and inherently repeal California's mechanics' lien law, even blank liens such as [Ellis's] would be beyond challenge by a property owner, *even where, as here, the property owner owns several properties in the same county*. Such a result would have deleterious effects on [section] 8416's content requirements for valid liens." (Italics added.) But that general statement merely points to the potential for prejudice; it is not an assertion of actual prejudice. Accordingly, we conclude the court erred by expunging the mechanic's lien and the lis pendens.

DISPOSITION

Let a peremptory writ of mandate issue directing the superior court to vacate its order expunging both the lis pendens and mechanic's lien and to conduct further proceedings on Ellis Contracting Inc.'s complaint.  The stay issued by this court on November 18, 2015, is vacated.  The parties shall bear their own costs in this proceeding.

O'ROURKE, J.

WE CONCUR:

McINTYRE, Acting P. J.

AARON, J.

11