68   33
142 618

[No. 8656.    Department Two.—November 21, 1885.]

## P. McDERMOTT, RESPONDENT, *v.* SAN FRANCISCO AND NORTH PACIFIC RAILROAD COMPANY, APPELLANT.

NEGLIGENCE — CIRCUMSTANTIAL EVIDENCE OF — VERDICT.— In an action to recover damages for an injury caused by the alleged negligence of the defendant, it is the province of the jury, when the evidence of the negligence is circumstantial, to determine the facts and all proper inferences from them; and the verdict will not be set aside unless, in the judgment of reasonable men, no such deduction as that expressed therein could be properly drawn from the evidence.

APPEAL from a judgment of the Superior Court of Marin County, and from an order refusing a new trial.

The facts are sufficiently stated in the opinion of the court.

*E. S. Lippitt,* and *W. S. Wood,* for Appellant.

*Hepburn Wilkins,* for Respondent.

Thornton, J.—This is an action brought to recover damages for a loss by fire, caused by the negligence of defendant.

It is argued that the evidence is insufficient to sustain the verdict, which was in plaintiff's favor. The testimony was of that character which must have been submitted to the jury. The testimony given in this case to prove negligence was circumstantial, and it was the province of the jury to determine the facts and all proper inferences from them, establishing the negligence alleged. (*Shafter* v. *Evans,* 53 Cal. 32; *Chidester* v. *Consol. Ditch Co.,* 59 Cal. 201; *N. E. Glass Co.* v. *Lowell,* 7 Cush. 321.) The above rule we consider settled law in this state. The verdict of the jury on such evidence should not be set aside, unless when, in the judgment of reasonable men, no such deduction as that expressed in the verdict could be properly drawn from the facts in evidence. The rule is so settled with us. (See *Chidester* v. *Consol. Ditch Co., supra; Fernandes* v. *Sacramento C. R. R. Co.,* 52 Cal. 45; *McKeever* v. *Market Street R. R. Co.,* 59 Cal. 300; *Longenecker* v. *Pennsylvania R. R. Co.,* 105 Pa. St. 328; Beach on Contributory Negligence, sec. 161, and cases there cited.)

We find nothing in this case which induces us to disturb the verdict on the ground of insufficiency of the evidence.

There is no error in the record, and the judgment and order denying a new trial must be affirmed.

Myrick, J., and Morrison, C. J., concurred.