[Civ. No. 4395.  Third Appellate District.—May 11, 1932.]

JNO. L. WITNEY, INC. (a Corporation), Respondent, v. SIERRA RAILWAY CO. OF CALIFORNIA (a Corporation), Appellant.

Dunne, Dunne & Cook for Appellant.

Edwin L. Forster and Franklin T. Poore for Respondent.

JAMISON, J., *pro tem.*—This is an action for damages resulting from a fire which was set out by defendant's employees on its right of way, and which fire, it is claimed by respondent, destroyed its warehouse and contents.

At the conclusion of plaintiff's evidence defendant moved for a nonsuit and after the taking of evidence had been completed it moved for a directed verdict. Both motions were denied. The jury returned a verdict in favor of plaintiff for damages in the sum of $4,762. Defendant filed a motion for a new trial and the same was denied upon plaintiff's agreement to remit the sum of $772.26 from the amount so found by the jury, and judgment was thereupon rendered for plaintiff in the sum of $3,989.74 for its actual damages. From this judgment defendant appeals. Respondent also appealed from the order of the court denying its motion to treble the damages, but upon its application its appeal has been dismissed.

One of the main contentions of appellant for a reversal is that the evidence produced by respondent failed to prove a sufficient case for the jury.

The evidence upon the part of respondent, in substance, was as follows: That on the afternoon of July 16, 1930, the employees of appellant were engaged in burning grass and rubbish along the right of way of its railroad in the town of Jamestown; that a short distance from this right of way, where this grass and rubbish were being burned was a warehouse owned by the Buffalo Brewing Company, and near this building was the warehouse owned by respondent; that the grass and rubbish were very dry, and the grass and weeds were of a heavy growth; that in front of the brewery warehouse there was a wooden platform, some four feet wide, which had been used in unloading freight from said railway; that near this platform in 1924 or 1925 was an ice-house and about that date it was accidentally knocked down and the sawdust used in its construction was scattered on the ground about the building. There had been no cleaning of the debris around this brewery warehouse for years, and the sawdust had remained on the ground, partly under

the building and for about four feet from the building toward the railroad track and the weeds and grass had grown up through it and it had so remained up to the time of the fire; that a spur-track extended from the main line of appellant's railway in front of the brewery warehouse; that between noon and 1 o'clock P. M., on the 17th of July, 1930, the brewery building caught fire and was burned and the fire from this building was communicated to respondent's warehouse, which, with its contents, was also burned.

Edward A. Minners, a witness for respondent, testified that he was a state ranger and had been such for a period of four years, that his duties as such included fire protection; that he was familiar with conditions around the brewery warehouse; that before the fire he had observed inflammable material, grass, old trash and sawdust near the brewery warehouse which had been there for a number of years; that on July 17th he was notified of the existence of the fire and when he arrived the brewery warehouse was pretty well burned down and respondent's warehouse was burning. He testified as follows:

"I went to where the fire had started, with these two insurance men, and saw that . . . no guard had been scraped clean to the earth where the fire had been burning the day before clear up to the building. Also took my hand and scraped down in the sawdust that had been wet by the water, and found dry sawdust still burning underneath. This was four or five inches deep, sawdust lying there." He further stated that a fire-guard was a trail scraped clean to the earth where there is inflammable material, that it should be from one to four feet wide; that he made an examination to ascertain whether any fire-guard had been made about the building and found none had been made.

He further stated that a fire in sawdust should be thoroughly soaked with water; if this is not done it will smoulder for days; that this sawdust was wet only for a depth of two inches and was on fire below this point.

C. D. Mulock, a witness for respondent, testified that he had observed the conditions around the burning warehouse previous to the fire; that the grass around the front of said building was very dry and some foot and a half high and there was sawdust in front of said building extending

toward the vicinity of the right of way; that this sawdust was deposited there by an accident some years previous which destroyed the warehouse at the south end of the platform in front of said building; that this sawdust was from two to four inches thick; that after the fire he examined the ground in front of the brewery building, and found this same sawdust partly burned. He also saw some sawdust north of the platform which came from a small ice-house north of said platform, which was destroyed by the fire which burned the brewery.

Raymond Chapelli, a witness for respondent, testified that he heard the fire-alarm and that he saw the fire burning the brewery warehouse; that when he first saw it the fire was starting from the platform in front of said building.

John Davis, a witness for respondent, testified that he had charge of the brewery warehouse, that it set back some ten or twelve feet from the track; that he lived near and visited it every day; that he was returning home on the morning of the 17th of July, 1930, about 1 o'clock and in passing near the brewery warehouse he noticed that the right of way of appellant's railroad track had been burned; that he smelled fire but could not locate it; that there was sawdust on the ground in front of this warehouse before the fire and the same sawdust was there the next day after the fire; that at the time of the fire the witness had certain property stored in the brewery warehouse, consisting of an old orchestrion, eight cases of mineral water, a set of harness and some tools.

Appellant contends that the trial court should have granted his motions for nonsuit and for a directed verdict.

It is well-established principle that in passing upon a motion for a nonsuit the evidence and every inference that may be fairly deducible from it must be received in the light most favorable to plaintiff's case. (*Crandall* v. *Schnouser*, 207 Cal. 772 [279 Pac. 778]; *Ogden* v. *United Bank etc. Co.*, 206 Cal. 571 [275 Pac. 430].)

Taking into consideration the facts that the burning of this right of way occurred in the middle of the summer season, that it took place near the wooden warehouse, that there was an accumulation of inflammable material consisting of dry grass and weeds and rubbish and sawdust which had remained on the ground undisturbed for several years,

that this accumulated debris was partly under the said warehouse and extended from there to the vicinity of said right of way; that no precautions were taken to prevent the spread of said fire to said warehouse by the construction of a fire-guard; that the burning of said right of way extended to within a short distance of said warehouse, where there was an accumulation of inflammable material including sawdust; that the fire, when first seen, was burning the platform and part of the warehouse next to the burned right of way; that on the 17th of July, 1930, the state ranger's inspection of the burned premises disclosed that the sawdust which had formed part of the debris in front of the warehouse before the fire was still burning, together with the inferences that could legitimately be drawn therefrom, were sufficient to make a *prima facie* case for respondent.

We are of the opinion that there was no error in denying the motions for a nonsuit or for an instructed verdict.

Appellant maintains that there is no evidence that the fire which burned off the right of way was communicated to the warehouses.

In *Kennedy* v. *Minarets & Western Ry. Co.*, 90 Cal. App. 563–574 [266 Pac. 353, 358], the court said that while it is true there is no direct evidence as to the origin of the fire, the trial court had the right to make any logical, reasonable deductions, which the admitted facts or undisputed testimony permitted.

The case of *McDermott* v. *San Francisco & N. P. R. R. Co.*, 68 Cal. 34 [8 Pac. 519], was an action to recover damages for a loss by fire caused by the negligence of defendant. In that case the court used the following language: "The testimony given in this case to prove negligence was circumstantial, and it was the province of the jury to determine the facts and all proper inferences from them establishing the negligence alleged. (Citing authorities.) The verdict of the jury on such evidence should not be set aside, unless when in the judgment of reasonable men, no such deduction as that expressed in the verdict could be properly drawn from the facts in evidence."

In the case of *Kennedy* v. *Minarets & Western Ry. Co.*, *supra*, the court quoted with approval the following language used in the case of *Cobb* v. *Twitchell*, 91 Fla. 539 [45 A. L. R. 865, 108 South. 186]: "Upon the state of facts before us

and in the absence of mitigating circumstances a jury might reasonably conclude that the defendant or his servants did not observe reasonable prudence and ordinary care under the circumstances in that they were not sufficiently thorough in extinguishing the original fire, or that the fire-guard constructed by them, in its dimensions or manner of construction, was not adequate or suitable under the circumstances.''

The burden of proof is upon respondent to prove that the fire which destroyed his warehouse was caused by appellant, and also that it was due to the negligence of appellant's employees. This proof may be wholly circumstantial and in arriving at their verdict the jury have the right to call to their aid all deductions which can reasonably be made from the facts proved. (*Viera* v. *Atchison etc. Ry. Co.*, 10 Cal. App. 267 [101 Pac. 690]; *Paiva* v. *California Door Co.*, 75 Cal. App. 323 [86 Pac. 887]; *Roundtree* v. *Mt. Hood R. R. Co.*, 86 Or. 147 [168 Pac. 61].) But, in order to justify the submission of any question of fact to a jury, the proof must be sufficient to raise more than a mere conjecture or surmise that the fact is as alleged. It must be such that a rational well-constructed mind can reasonably draw from it the conclusion that the fact exists, and where the evidence is not sufficient to justify such inference, the court may properly refuse to submit the question to the jury. (*O'Connor* v. *Mennie*, 169 Cal. 217 [146 Pac. 674]; *Estate of Luckenbach*, 205 Cal. 292 [270 Pac. 961].)

However, we are of the opinion that from the facts proven by respondent, inference could reasonably be deduced by the jury that in burning the right of way of appellant's railway the fire came in contact with the inflammable material that existed in front of the brewery warehouse and was communicated to the sawdust which had been deposited there several years before that time; that appellant's employees did not sufficiently saturate this sawdust with water to completely extinguish the fire that smouldered therein and that in consequence it continued to burn until on the following afternoon when the fire was communicated to the brewery warehouse.

Under the circumstances which existed there common prudence would have called for the construction of a fire-guard to have prevented the spread of the fire. The evidence is conflicting as to whether or not there was any fire-guard.

Respondent's testimony is to the effect that there was no fire-guard and we must therefore resolve this conflict in favor of respondent.

Appellant claims that the court erred in giving instructions for respondent and refusing instructions for appellant.

We have carefully examined the instructions given and refused by the court and are satisfied that the law applicable to the facts of the case was fully and fairly given to the jury in its instructions.

Practically all of appellant's instructions refused by the court were covered by the instructions given.

The judgment is affirmed.

Thompson (R. L.), J., and Plummer, Acting P. J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 10, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 7, 1932.