[Civ. No. 5082. Third Appellate District.—November 8, 1934.]

LEE KALE, Respondent, v. BANKAMERICA AGRICULTURAL CREDIT CORPORATION (a Corporation), Appellant.

Huston, Huston & Huston for Appellant.

White, Miller, Needham, Harber & Mering for Respondent.

PULLEN, P. J.—This is an appeal from a money judgment in favor of plaintiff and respondent and against defendant and appellant, the appeal being upon the judgment roll alone.

The first cause of action alleged in the complaint was for hay sold and delivered to the defendant at defendant's request, but apparently no evidence was introduced upon that cause as no findings appear in the judgment roll on that issue.

In the second cause of action it is alleged in substance that for some time prior to January 30, 1932, approximately 1500 head of sheep belonging to one Fusco were on the real property of plaintiff, and that these sheep were subject to a chattel mortgage given to secure the repayment of a promissory note by Fusco to Bankamerica Agricultural Credit Corporation, appellant herein. Prior to the commencement of this action plaintiff had, so it is alleged, at the request of Fusco, furnished hay for the use of the sheep in excess of $1500. Defendant was desirous of moving the sheep from the property of plaintiff to another location some miles distant, but plaintiff refused to allow the sheep to be moved until his feed bill had been paid, whereupon defendant agreed that if plaintiff would allow the sheep to be moved it would pay the amount due, and plaintiff, relying upon the promise so made, consented to the removal. Defendant paid $1,000 on the account, but has refused to pay the balance thereof. In the answer practically all of the allegations of the complaint are denied.

The findings are that approximately 800 head of sheep were pastured upon real property occupied under lease by Fusco, which property was contiguous to plaintiff. The court found the ownership of the sheep in Fusco, the existence of the mortgage in favor of defendant and that plaintiff had furnished hay for the sheep at the request of the owner. The court then found: " . . . That at no time in the said complaint or herein mentioned, had said sheep been in the possession of said plaintiff, and said plaintiff then and there claimed in good faith to be entitled to the possession of said sheep until said sum of $1,587.00 was paid to him in full; that then and there the defendant claimed in good faith that Joe Fusco was entitled to the immediate possession of said sheep without first making said payment or any part thereof; that on or about the said 14th day of February, 1932, in settlement of said conflicting claims the defendant orally promised and agreed with plaintiff that if plaintiff would allow said sheep immediately to be moved as then and there desired and requested by defendant, the defendant would pay to plaintiff the said sum of $1,587.00 . . . "

The court further found that thereafter plaintiff relinquished all claim to said sheep and they were moved to

other premises; then was found the fact on nonpayment, and judgment was entered accordingly.

Appellant maintains the findings do not support the judgment and that upon the findings as made, judgment should be entered for appellant, and also that the judgment was based upon a cause of action not alleged in the complaint.

It is established by the findings that the sheep were not pastured upon the lands of plaintiff, nor were they ever in the possession of plaintiff, and therefore plaintiff never acquired an agistor's lien upon the sheep. It would therefore be true, as appellant alleges, that it would be entitled to judgment thereon, if that were all that was found. But the court went further however and found that " . . . said plaintiff then and there claimed in good faith to be entitled to the possession of said sheep . . . ", and that "In settlement of said conflicting claims" the corporation made the promise upon which the action was brought, which is sufficient to justify the final judgment as entered by the trial court.

Appellant insists that the complaint being founded upon an express contract, it was without the issues to base a judgment for respondent upon the theory that the agreement between the parties constituted a contract of compromise. However, we have before us the judgment roll only and must assume that evidence of the compromise was properly admitted without objection and that said evidence supported the findings and judgment.

As was held in *Freeman* v. *Gray-Cowan*, 219 Cal. 85 [25 Pac. (2d) 415], that although it is the general rule a finding outside the issues must be disregarded, yet where the parties voluntarily submit and try an issue without any specified pleadings, they may not thereafter complain that the findings and judgment were not within the issues framed by the pleadings.

Appellant also relies upon the statute of frauds but that, too, is answered adversely to appellant. From the findings it is apparent that defendant was desirous that said sheep be moved to another location, and in view of the rule as laid down in the case of *Garroway* v. *Jennings*, 189 Cal. 97 [207 Pac. 554], where it was held that a promise, in consideration of an assignment of a judgment

to pay certain attorney's fees incurred in the procurement of the judgment, was not a contract of suretyship or guarantee but an original obligation, so must the promise of appellant to respondent be deemed an original obligation.

Similarly, in the case of *Fuller* v. *Towne*, 184 Cal. 89 [193 Pac. 88], where an indemnitor of a surety on a contractor's bond, orally agreed to apply all moneys received under the building contract to the payment of claims, in consideration of the release of stop notices given to the owner in order that the indemnitor might collect the balance due on the contract, was held to be not within the statute of frauds. In *Ogden* v. *United Bank & Trust Co.*, 206 Cal. 571 [275 Pac. 430], where a party having an oral contract to do certain work on a ranch, refused to proceed further until the bank had agreed to be responsible for his compensation, and the continuance of the work inuring to the benefit of the bank, it was held that such contract was not required to be in writing.

The objection that appellant is not responsible by virtue of the statute of frauds is further answered by the fact that the appeal being on the judgment roll, a reviewing court will, in support of the record, presume that the testimony covering the oral agreement was properly admitted without objection. (2 Cal. Jur. 425.)

Appellant also claims that there was no consideration for the promise on the part of the bank, but the findings evidence the fact that the compromise was of a disputed claim and it is therefore of itself a sufficient consideration.

"Where there has been a compromise of doubtful claims or concessions and benefits given and received actual validity of claims is immaterial; otherwise, as remarked by Mr. Wharton, 'There could be no compromise of litigation since there is no litigation in which one or the other party, if the case be pressed to judgment, does not fail to make out his case.'" (*City Street Improvement Co.* v. *Pearson*, 181 Cal. 650 [185 Pac. 962, 966, 20 A. L. R. 1317].)

A different rule would apply where a claim was without any foundation or was advanced not in good faith, or based merely upon an arbitrary refusal to surrender the sheep. Such a claim could not then be regarded as a valuable consideration, but the findings before us are to the contrary

and hold "that plaintiff in good faith set up his claim to the possession of the sheep".

The judgment must be and is hereby affirmed.

Plummer, J., and Thompson, J., concurred.