[Civ. No. 18845.   Second Dist., Div. Two.   Apr. 18, 1952.]

THE NEW ZEALAND INSURANCE COMPANY, LTD. (a Corporation) et al., Appellants, v. BEN H. BROWN, as Administrator, etc., Respondent.

Hindman & Davis and E. Eugene Davis, Jr., for Appellants.

Harold W. Kennedy, County Counsel, and Henry W. Gardett, Deputy County Counsel, for Respondent.

FOX, J.—Plaintiffs seek to recover from decedent's estate, on the theory of subrogation, the money paid the owner to cover the damages to an apartment caused by fire. From a judgment of nonsuit plaintiffs appeal.

The fire occurred about 2 a. m., in a bedroom on the first floor. The apartment was locked, making it necessary for the firemen to force the doors to gain entrance. The only occupant was the decedent, Mary Williams Rosoff, who was 34 years of age and who later passed away from causes unrelated to this fire. The firemen found her on the floor, face down and unconscious, in a hall about 3 feet from the closed but unlocked door to the bedroom where the fire originated; she was barefooted but had on a nightgown or slip; she was burned on both hips and on both buttocks. In response to a question at the police station as to how she got burned she replied, "By the fire." The door from the hall to the bedroom consisted of three panels, the upper one of which was "almost entirely burned away" permitting flames to come out through that opening. There was no flame in the hallway except that coming through this upper panel of the door.

There were two windows in the bedroom. A bed had been placed diagonally between them. "The bed was almost completely destroyed, only a small portion of the four corner posts and head and tail were left. The fire had burned through the floor and burning material had fallen under the house." The other furniture was "badly charred and blistered from heat."

An examination of the premises disclosed that the insulation of the electrical wiring had been burned externally due to the heat of the fire causing a short circuit which blew two fuses. Neither an electric blanket nor a heating pad was found in the bedroom. In the apartment there were numerous ash trays containing cigarette butts but none were found in the bedroom. Two empty liquor bottles and one full bottle were in the apartment. There is testimony that Mrs. Rosoff was inebriated upon her arrival at the receiving hospital.

■ In passing on a motion for nonsuit the court must accept and treat as true every piece of evidence which tends to establish plaintiff's case and disregard all contrary evidence. ■ Also, every reasonable inference must be indulged in plaintiff's favor, and if two reasonable inferences may be drawn from the evidence, one of which is favorable to the case of the plaintiff and the other unfavorable, the inference which is favorable must be accepted and the inference which is unfavorable rejected. (*Williamson* v. *Pacific Greyhound Lines*, 78 Cal.App.2d 482, 485 [177 P.2d 977]; *Wulfjen* v. *Dolton*, 24 Cal.2d 878, 880 [151 P.2d 840]; 9 Cal.Jur., § 35, p. 551.) ■ Direct evidence is not required to establish the cause of a fire. (*Kennedy* v. *Minarets & Western Ry. Co.*, 90 Cal.App. 563, 574 [266 P. 353]; *Gailbreath* v. *Homestead Fire Ins. Co.*, 185 F.2d 361.) In fact, the evidence can be wholly circumstantial. (*Jno. L. Witney, Inc.* v. *Sierra Ry. Co.*, 123 Cal.App. 430, 435 [11 P.2d 415].) ■ Furthermore, it is not necessary to establish the cause with absolute certainty. (*Hallawell* v. *Union Oil Co.*, 36 Cal.App. 672, 681 [173 P. 177]; *Gallichotte* v. *California Mut. etc. Assn.*, 4 Cal.App.2d 503, 508 [41 P.2d 349].)

■ Based on these principles, the evidence produced by plaintiffs was sufficient to establish a prima facie case. From the evidence that the bed was "almost completely destroyed" and a hole burned through the floor directly underneath it, the inference is reasonable that the fire started in the bed. The fact that the fire occurred at 2 a. m., that Mrs. Rosoff was in bedtime attire, that she was burned on her thighs and buttocks, reasonably justifies the inference that she had been in the bed during the early stage of the fire. Respondent points to the fact that Mrs. Rosoff was found in the hall some 3 feet from the entrance to the bedroom. In this connection it will be remembered she was lying face

down and was unconscious. A justifiable inference here is that she attempted to escape from her burning bed but had been overcome with the smoke and collapsed. The trial court emphasized the absence of any testimony showing her night clothes were aflame. He appears to have drawn the inference that she could not have been in the bed and received the physical burns she did without getting her night clothes on fire. However, a consistent inference on this point favorable to plaintiffs' case would be that her nightdress had slipped up to her waist or even higher and consequently did not come in contact with the fire. On this motion the court was under the duty to accept as true the testimony regarding her burns. There is no basis for an inference that she received these burns while collapsed in the hall. The flame was limited to that coming through the upper third of the door. There was no other flame in the hall.

From the fact that there were "numerous ash trays that had cigarette butts in them" and that Mrs. Rosoff was the only person there at that time, and the only adult who lived there, the reasonable inference favorable to the case of plaintiffs would be that she was a cigarette smoker.

Of course it must not be overlooked that the captain of the fire department who was there and inspected the premises for the purpose of determining the cause of the fire, did not find anything wrong with the electric wiring or equipment.

This evidence which, on the motion, the court was required to accept and believe, plus the reasonable inferences to be drawn therefrom in favor of plaintiffs' case, make a prima facie showing that the fire was caused by Mrs. Rosoff's smoking in bed, and her inebriacy lays a foundation for the further inference favorable to plaintiffs that she was negligent in the manner in which she indulged in this dangerous pastime.

In view of the foregoing it becomes unnecessary for us to consider the admissibility in evidence of the opinion of the captain of the fire department as to the cause of the fire.

The judgment is reversed.

Moore, P. J., concurred.

McComb, J., dissented.