[Civ. No. 28617. Second Dist., Div. Two. Oct. 28, 1965.]

GOLDSTONE-TOBIAS AGENCY, INC., Plaintiff and Respondent, v. BARBROO ENTERPRISES PRODUCTIONS, INC., Defendant and Appellant.

Dermot R. Long for Defendant and Appellant.

Irving B-J. Levine, Barry L. Hirsch and William G. Levine for Plaintiff and Respondent.

ROTH, P. J.—Respondent, (plaintiff) is a theatrical agency. Pursuant to written contracts of agency it solicits and exerts itself to obtain employment in various facets of the entertainment industry for its clients. Appellant (defendant) is a similar agency and at the time of this action and for some time prior thereto, represented Mickey Rooney, an actor.

On August 19, 1960, respondent had entered into an agency contract with Rooney to represent Rooney for one year for which representation respondent was to receive 10 per cent of Rooney's gross income in the entertainment industry. The agency contract was signed by one Red Doff, Rooney's personal manager, acting under a power of attorney from Rooney.

During its representation, respondent, under the 10 per cent arrangement, claimed that it had earned $13,500. In addition, respondent loaned Rooney $1,500, which was evidenced by a promissory note executed on March 8, 1961. The note was signed by Doff for Rooney under the power of attorney. The validity of this note and the indebtedness under it is admitted by appellant.

To collect the note respondent filed an action for $1,500 in the Municipal Court of Beverly Hills Judicial District. To collect its commissions respondent filed a proceeding for $13,500 before the Arbitration Tribunal of the Screen Actors Guild.

To avoid and eliminate the municipal court action and the arbitration proceeding the parties to the action and Rooney did on September 1, 1961, execute a settlement agreement (settlement) whereby appellant and Rooney agreed to pay respondent $9,000 in certain installments and reasonable attorney's fees if any action was brought to enforce the settlement; $650 had been paid on the settlement. No further payments having been made after demand therefor, the present action was filed to recover the balance. Judgment was for respondent. This appeal is taken from that judgment.

Appellant seeks to avoid the settlement on the theory

that it is invalid because Rooney did not personally sign the contract with respondent. He argues that the regulations of the Screen Actors Guild which are incorporated automatically into respondent's agency contract render all such agency contracts void if they are not signed by the actor himself. Forbearance to bring an action on an illegal contract, he asserts, cannot be consideration to support the settlement. This proposition is not sound.

It is settled that unless a claim is advanced in bad faith, or is without foundation, the actual validity of the claim is immaterial in determining whether forbearance from proceeding thereon is sufficient consideration. (*Kale* v. *Bankamerica Agricultural Credit Corp.*, 2 Cal.App.2d 113, 117 [37 P.2d 494]; *Khasigian* v. *Arakelian*, 180 Cal.App.2d 10, 14 [4 Cal.Rptr. 148].)

In *Khasigian* at page 14 the court says: "It has been definitely held in *Union Collection Co.* v. *Buckman*, 150 Cal. 159, 163 [88 P. 708, 119 Am. St. Rep. 164, 11 Ann. Cas. 609, 9 L.R.A. N.S. 568]:

" '. . . the compromise of a doubtful claim asserted and maintained in good faith constitutes a sufficient consideration for a new promise, even though it may ultimately be found that the claimant could not have prevailed. This is true whether the claim be in suit or not. . . .'

"See also *Hamilton* v. *Oakland School Dist.*, 219 Cal. 322, 329 [26 P.2d 296]; *Bennett* v. *Bennett*, 219 Cal. 153 [25 P.2d 426]; *First National Bank* v. *Thompson*, 212 Cal. 388, 405 [298 P. 808]."

There is no evidence in the record showing a lack of good faith. On the contrary, the trial court properly found that valid consideration supported the settlement.

Appellant also argues that the court committed error when it found that the settlement was not a guarantee contract based upon an antecedent indebtedness, since without an antecedent indebtedness the settlement would be "utterly valueless." This contention is without merit, for the consideration in a compromise agreement is not the discharge of a prior debt (which, indeed, may not even have existed), but the payment of money in return for forbearance from suit.

The trial court refused to admit a copy of the Screen Actors Guild regulations into evidence. Appellant urges error. The contention is based upon a stipulation contained in the pretrial order that any and all documents which were part of the arbitration file could be introduced into evidence

"without foundation proof but subject to all other objections." The record shows that this evidence was rejected because of its immateriality and not for lack of foundation. Since the validity of a claim upon which a compromise agreement is based is not material to a determination of the sufficency of consideration for that agreement, no error was committed in rejecting the proffered evidence. It could be argued however that the regulations were relevant to the issue of good faith on the part of the respondents in pressing their claim on an allegedly void agency contract. Assuming arguendo that the evidence should have been admitted on this issue, no reversible error resulted since the questionable applicability of the regulations to respondent's claim could show no bad faith on the part of the respondent.[1]

■ Appellant's final contention is that respondent knew at the time the compromise agreement was signed, that Rooney did not want to go to court on the promissory note or to arbitration on the agency contract because he was just emerging from a "slump" and could not afford the bad publicity. From this, appellant argues that the settlement was entered into by appellant under the pressure of economic compulsion.

■ The underlying principle of the defense of economic compulsion is the performance of, or threat to perform, some unlawful act under circumstances sufficient to control the actions of a reasonable man. (*Young* v. *Hoagland,* 212 Cal. 426, 431 [208 P. 996, 75 A.L.R. 654]; *Thompson Crane & Trucking Co.* v. *Eyman,* 123 Cal.App.2d 904, 908-909 [267 P.2d 1043].)

■ In the case at bench, respondent's only conduct was to press an apparently valid claim using the due process of the law to recover monies which it in good faith believed were

---

[1]The regulations, in pertinent part, provide: "All contracts between a member and an agency must be in writing. All contracts not in writing or not complying with these regulations, whether as to form, filling in of blanks, execution, delivery, filing, or otherwise, shall be void . . . . The agent shall have no right under such void contract to receive any commission . . . .

"No agency contract may be dated other than the date of its execution by the Actor, which date for all purposes shall be the date of execution of the agency contracts. . . ." There is no express provision that the actor himself must sign the contract. Appellant's argument must be that the last sentence quoted requires the actor himself to sign. That argument, to succeed, would require a good deal of construction by the Arbitration Tribunal and in no way detracts from the good faith of respondent's original claim. We do not so construe said regulation. In this connection it is worth noting that the validity of the power of attorney is not questioned.

owing. It was not required to drop the legal proceedings it had instituted because of Rooney's alleged plight. The exercise of a legal right does not constitute unlawful duress or compulsion under the law of this state. (*International Fishermen & Allied Workers of America* v. *Stemland,* 97 Cal. App.2d Supp. 931, 934 [219 P.2d 554].)

The judgment is affirmed.

Herndon, J., and Fleming, J., concurred.