136 F.3d 1354
 1998-1 Trade Cases P 72,067, 98 Cal. Daily
Op. Serv. 1405,
98 Daily Journal D.A.R. 1955
IMAGE TECHNICAL SERVICE, INC.; J-E-S-P Company, Inc.;
Shields Business Machines, Inc.; Micrographic Services,
Inc.; Omni Micrographic Services, Inc.; Atlanta General
Microfilm Co., Inc; Datek Ltd.; B.C.S. Technical Services,
Inc.; CPO Ltd., Inc.; Advanced Systems Service, Inc.;
Amtech Equipment Maintenance, Inc., Plaintiffs-Appellees,
v.
EASTMAN KODAK CO., Defendant-Appellant.
 No. 96-16014.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Aug. 7, 1997.
Withdrawn from Submission
Jan. 21, 1998.
Resubmitted Feb. 24, 1998.
Decided Feb. 27, 1998.
 
 John R. Reese, San Francisco, California, for defendant-appellant.
 Donald R. Pepperman, Los Angeles, California, for plaintiffs-appellees.
 Appeal from the United States District Court for the Northern District of California; A. Wallace Tashima, District Judge, Presiding. D.C. No. CV-87-01686-AWT.
 Before: FLETCHER, REINHARDT, and KLEINFELD, Circuit Judges.
 FLETCHER, Circuit Judge:
 
 
 1
 Image Technical Service, Inc. and other companies ("Image Tech") filed an antitrust suit against Eastman Kodak Co. ("Kodak"). Before trial, Kodak moved to disqualify Coudert Brothers, a law firm representing Image Tech, because the firm represented a division of Kodak in other matters. The district court disqualified Coudert from further representation of Image Tech. Image Tech eventually won the lawsuit. In this appeal, Kodak seeks to reverse a district court judgment that it must pay Image Tech $400,000 in statutory legal fees for Coudert's representation.
 
 FACTS
 
 2
 Image Tech is an independent service organization ("ISO") which services Kodak copying and micrographic equipment. In 1987, Image Tech and other ISOs (hereinafter referred to collectively as Image Tech) filed an antitrust suit against Kodak under 15 U.S.C. §§ 1 and 2, alleging that Kodak adopted policies limiting the availability of parts to ISOs, and made it more difficult for ISOs to compete with Kodak in servicing Kodak equipment. The district court granted summary judgment for Kodak, and the Ninth Circuit reversed. Image Technical Serv., Inc. v. Eastman Kodak Co., 903 F.2d 612 (9th Cir.1990). Image Tech was represented by The Law Offices of James A. Hennefer.
 
 
 3
 The Supreme Court granted Kodak's petition for certiorari. In July 1991, Image Tech retained Coudert Brothers as co-counsel to assist in the Supreme Court and in further district court proceedings. Coudert prepared the Supreme Court briefs. The Supreme Court affirmed the court of appeals' reversal of the summary judgment, Eastman Kodak Co. v. Image Technical Serv., Inc., 504 U.S. 451, 112 S.Ct. 2072, 119 L.Ed.2d 265 (1992), and remanded the case for trial. Coudert, which planned to participate in the preparation for trial and in the trial itself, began discovery and factual investigation in the district court.
 
 
 4
 On January 19, 1993, Kodak filed a motion to disqualify Coudert. District Judge Barbara Caulfield granted the motion on May 19, 1993, following a hearing. The district court found that Coudert had represented one of Kodak's major operating divisions, Eastman Chemicals, for at least six years in various international matters. The work did not involve issues directly relevant to the antitrust litigation. Coudert had violated Rule 3-310 of the California Rules of Professional Conduct, which stated at the time:
 
 
 5
 (A) If a member has or has had a relationship with another party interested in the representation ... the member shall not accept or continue such representation without all affected clients' informed written consent.
 
 
 6
 (B) A member shall not concurrently represent clients whose interests conflict, except with their informed written consent.
 
 
 7
 Coudert's representation of Image Tech conflicted with the interests of its existing client, Kodak, and Coudert had failed to obtain the informed written consent required, or even informed consent. Coudert thus had breached its "duty of ... undivided loyalty" and disqualification was required.
 
 
 8
 The district court also found that Kodak had not waived the right to object to Coudert's representation of Image Tech by failing to object in a timely fashion. There was no showing that Kodak was aware that Coudert represented one of its divisions and intentionally delayed filing a motion to disqualify, and so no waiver occurred. Further, Coudert as a law firm had the responsibility to perform a conflict check, while Kodak had no such obligation. Blecher & Collins took Coudert's place as co-counsel.
 
 
 9
 More than two years later, on September 19, 1995, a unanimous jury returned a verdict in favor of Image Tech and the other ISO plaintiffs, and awarded $23,948,300 in damages. After the trebling mandated by the Clayton Act, 15 U.S.C. § 15, the damages award was $71.7 million.
 
 
 10
 Image Tech moved for an award of mandatory reasonable attorneys' fees and costs, seeking fees for all its counsel, including fees for the legal services Coudert provided before the firm's disqualification in 1993. The parties stipulated to an award of $3,950,000 for the services of other counsel, but Kodak disputed Image Tech's entitlement to any fee award for Coudert's work, because of the disqualification.
 
 
 11
 On January 18, 1996, the district court (A. Wallace Tashima, Circuit Judge, sitting by designation) filed the stipulation regarding fees for the work of the other counsel, and an interim order finding that Image Tech was entitled to receive fees for Coudert's representation. The court reasoned that Coudert's disqualification was prospective only, adding that it was not clear that the conflict would have required Coudert's disqualification before the Supreme Court but declining to address the issue. Because Clayton Act fees are awarded to the parties, not to their attorneys, it remained between Image Tech and Coudert whether Image Tech would pay Coudert any fees. The order stated "[t]he court shall enter its final order on plaintiffs' motion for an award of attorneys' fees and costs" after the parties tendered their stipulation regarding amount to the court (or indicated that they could not agree on an amount).
 
 
 12
 Kodak filed a notice of appeal on the merits on February 13, 1996, with a docketing statement that included the issue whether attorneys' fees could be awarded to plaintiffs for work done by disqualified counsel. Kodak's motion for leave to file an oversized brief also mentioned the issue. Kodak's opening brief, filed April 12, 1996, did not raise the attorneys' fees issue.[1]
 
 
 13
 At about the same time as the notice of appeal, Kodak and Image Tech agreed to stipulate to a fee award to Coudert of $400,000, but the signed stipulation was not lodged with the district court until April 11, 1997. The stipulation "reserve[d] the right to challenge on appeal the Court's finding that plaintiffs are entitled under the antitrust laws to recover fees and expenses for the work performed for Coudert Brothers." On April 29, 1997, the district court issued a "Post-judgment Order Awarding Reasonable Fees and Costs to Plaintiffs and Supplemental Judgment," simultaneously entering the stipulation as to the $400,000 in fees awarded Coudert. Kodak filed a timely appeal from the fee order on May 22, 1996.
 
 I. Waiver
 
 14
 Image Tech argues that Kodak has waived the argument that it was improper to award fees to disqualified counsel, because Kodak raised the issue in its docketing statement attached to the notice of appeal on the merits and then failed to address it in its opening brief in that appeal.
 
 
 15
 This court "will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief." Officers for Justice v. Civil Serv. Comm'n, 979 F.2d 721, 726 (9th Cir.1992) (quotations omitted). That principle applies when a party attempts to raise a new issue in its reply brief, because "[a]n issue advanced only in reply provides the appellee no opportunity to meet the contention." Ellingson v. Burlington N., Inc., 653 F.2d 1327, 1332 (9th Cir.1981) (appellant cannot raise attorneys' fees issue for first time in reply brief).
 
 
 16
 This is a different situation. Image Tech argues not that Kodak failed to raise the attorneys' fees issue in its opening brief in the instant appeal, but rather that it failed to raise the issue in its earlier opening brief in the appeal on the merits, and so is precluded from raising it at all. That amounts to arguing that Kodak lost the right to appeal the district court's final judgment on attorneys' fees because it mentioned the fees issue in its docket statement in the earlier appeal on the merits, but failed to include or develop the issue in the opening brief in that appeal.
 
 
 17
 We reject this reasoning. Judge Tashima's order finding that Image Tech was entitled to attorneys' fees for Coudert was entitled "Interim Order on Motion for Attorneys' Fees" (emphasis in original), and expressly reserved jurisdiction to enter a final order after the parties stipulated to an amount of fees, or to determine an amount if the parties could not agree. "[A]n award of attorney's fees does not become final until the amount of the fee award is determined." Intel Corp. v. Terabyte Int'l, Inc., 6 F.3d 614, 617 (9th Cir.1993). As in Intel, Kodak's first notice of appeal, "timely filed after the district court's ... judgment but before the determination of the fee amount, pertained only to the merits of the litigation." Id. (emphasis in original). It was thus premature to appeal the fee award until the amount was determined by the court. The lack of an attorneys' fees argument in the opening brief on the merits appeal was therefore proper, and did not preclude Kodak from appealing the fee award once the award was final. Kodak did not waive its right to appeal the award of attorneys' fees for Coudert's representation.
 
 II. Fees for Coudert's Representation
 
 18
 Kodak argues that because the district court found that Coudert had breached its duty of undivided loyalty to Kodak by representing both Kodak's division and Image Tech, Kodak was not required to pay the $400,000 in fees to Image Tech for Coudert's representation before the firm's disqualification. We review de novo the legal question whether Kodak was required to pay fees for Coudert's work. United States ex rel. Virani v. Jerry M. Lewis Truck Parts & Equip., Inc., 89 F.3d 574, 576 (9th Cir.1996), cert. denied, --- U.S. ----, 117 S.Ct. 945, 136 L.Ed.2d 834 (1997). California law controls whether an ethical violation occurred. See N.D. Cal. Local Rule 110-3 (standards of professional conduct in the Northern District are those of California Rules of Professional Conduct).
 
 
 19
 Section 4 of the Clayton Act provides that a person injured by an antitrust violation "shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee." 15 U.S.C. § 15; see id § 26 (plaintiff who prevails in action for injunctive relief under antitrust laws also entitled to reasonable attorneys' fee). The fee award is mandatory, Twin City Sportservice, Inc. v. Charles O. Finley & Co., 676 F.2d 1291, 1314 (9th Cir.1982), and the purpose of such an award in antitrust cases is threefold: 1) to encourage private enforcement of the antitrust laws, 2) to insulate the treble damages award from the costs of obtaining recovery, and 3) to deter violations of the antitrust laws by requiring the payment of that fee by a losing defendant as part of his penalty for having violated the antitrust laws. Perkins v. Standard Oil, 474 F.2d 549, 554 (9th Cir.1973); Ohio-Sealy Mattress Mfg. Co. v. Sealy Inc., 776 F.2d 646, 661 (7th Cir.1985).
 
 
 20
 Any fee award in an antitrust case goes to the successful plaintiff, not to plaintiff's counsel. "[T]he court's award goes first to the plaintiff as part of his recovery in accordance with the language of section 4. If he chooses to pass that money on to his attorneys, that is his business." Farmington Dowel Prods. Co. v. Forster Mfg. Co., 421 F.2d 61, 88 (1st Cir.1970). This is consistent with the goal of deterrence, which regards the fee award as part of the penalty for the defendant's violation of the antitrust laws. For example, when the contingent fee agreement between the plaintiff and its attorney would generate little in the way of fees because the damages award is small, a "reasonable" attorneys' fee still may be awarded even if the contract between the plaintiff and the attorney would result in a smaller amount. Id.
 
 
 21
 "[T]he imposition of this penalty was [not] meant to turn in any way on the nature or amount of the plaintiff's fee arrangement, a fortuity wholly unrelated to defendant's illegal conduct.".... The ultimate question in every inquiry into the fee award is what contribution the defendant should make toward the fees of plaintiff's counsel.
 
 
 22
 Perkins, 474 F.2d at 553 (quoting Farmington Dowel, 421 F.2d at 90).
 
 
 23
 Image Tech thus urges us to treat Kodak like any other antitrust defendant, and to evaluate the award of fees as just one part of the penalty for Kodak's antitrust violations, closing our eyes to the eventual disposition of the $400,000. But courts have been uneasy with such an absolutist approach, qualifying statements that it "is his business" what an antitrust plaintiff does with a fee award by adding that courts need not be willfully blind. "The fact that section 4 is concerned with awarding a fee which is reasonable for defendant to pay plaintiff does not preclude the court from concerning itself with what is excessive for plaintiff to pay his attorney." Farmington Dowel, 421 F.2d at 87. The mere fact that the plaintiff is entitled to receive the attorneys' fees does not prevent the court from deviating from the general rule where exceptional circumstances exist. The determination under the antitrust statute of "what contribution the defendant should make toward the fees of plaintiff's counsel" is complicated in this case, because defendant Kodak is not merely an antitrust violator, but is also the victim of an ethical violation by plaintiff's counsel Coudert. Simultaneous representation of clients with conflicting interests (and without written informed consent) is an automatic ethics violation in California and grounds for disqualification. Flatt v. Superior Ct., 9 Cal.4th 275, 36 Cal.Rptr.2d 537, 542-43, 885 P.2d 950, 955 (1994). An attorney cannot recover fees for such conflicting representation, Blecher & Collins v. Northwest Airlines, Inc., 858 F.Supp. 1442, 1457 (C.D.Cal.1994), because "payment is not due for services not properly performed." Cal Pak Delivery, Inc. v. United Parcel Serv., 52 Cal.App.4th 1, 60 Cal.Rptr.2d 207, 215 n. 2 (1997) (quotation omitted). This applies even where, as here, the matters in which the firm represents the clients with conflicting interests are unrelated. Jeffry v. Pounds, 67 Cal.App.3d 6, 136 Cal.Rptr. 373, 376 (1977). An attorney may claim fees only for services provided before the conflict arose and the ethical breach occurred. Id. at 377.
 
 
 24
 The district court awarded fees because Coudert's disqualification was prospective only. But Coudert's ineligibility to recover fees was not prospective. Under California law the bar to compensation extended back to the beginning of Coudert's representation. Coudert represented Kodak throughout its representation of Image Tech, so there was never a time when the representation was conflict-free.
 
 
 25
 The district court also disavowed any responsibility for determining whether Coudert would receive any of the $400,000 awarded, concluding that the issue remained between Image Tech and Coudert. Yet when an attorney's ethical violation is in question, the district court retains some power to look beyond an award of fees to a party to determine whether an attorney will receive compensation for a breach of ethical rules. As the Second Circuit stated in Litton Sys., Inc. v. AT & T, 700 F.2d 785, 827 (2d Cir.1983),
 
 
 26
 The payment of attorneys' fees is a part of the penalty for violating the antitrust laws. At the same time there is no doubt that attorneys as officers of the court must operate on an honor system, and must be appropriately disciplined to provide both specific and general deterrence.
 
 
 27
 Our recent opinion in Virani articulates a similar dilemma in the context of evaluating a fee award under the False Claims Act, 31 U.S.C. § 3729-3732. Like the antitrust law, the FCA provides that successful plaintiffs "shall" receive reasonable attorneys' fees from defendants. Id. at § 3730(d)(1). Such language
 
 
 28
 [o]n its face seems to say that the plaintiff can recover the attorneys' fee for himself. What then of the attorney? Are not the fees for his services and should not he, if anyone receive them? It is usually assumed that the answer to the latter question is "Yes, of course, how could it be otherwise." That assumption simply tends to be in the background of decision making about fees. Yet there are times when someone will ask that a usually unacknowledged part of the background be brought to the forefront and perused before it recedes again into relative obscurity.
 
 
 29
 Virani, 89 F.3d at 577. While "in general, statutes bestow fees upon parties, not upon attorneys ... weighty authority demonstrates that the client himself is not entitled to keep the fees which are measured by and paid on account of the attorney's services." Id.; see Heston v. Secretary of HHS, No. 90-3318V, 1997 WL 702561 (Fed.Cl. Oct. 3, 1997) (discussing case law under a variety of fee-shifting statutes); Earth Island Inst. v. Christopher, 942 F.Supp. 597, 607 (Ct. Int'l Trade 1996) (noting dilemma and quoting Virani ).
 
 
 30
 Virani concluded that under the FCA the client's right to a reasonable fee was actually a "power" to demand such a fee, and after the client exercised that power the attorney had a right to the fees. 89 F.3d at 578. The opinion notes in dictum that the appropriate fee under California law would be zero when an attorney represents clients with conflicting interests. Id. at 579.
 
 
 31
 A separate concurrence adheres to reasoning closer to that found in antitrust fees cases: "absent a contractual assignment to the attorney, the False Claims Act requires payment of the attorneys' fee award to the party, with the ultimate disposition of the award dependent upon the contract between the attorney and client." Id. at 580 (Thomas, J., concurring). "The fee award may bear no relation to the actual fee paid by the prevailing party to his or her attorney." Id. at 581. The concurrence does not address the situation in which there has been an ethical violation by the attorney.
 
 
 32
 While "court intervention in [antitrust] fee dispositions is bound to be confined to exceptional circumstances," International Travel Arrangers, Inc., v. Western Airlines, Inc., 623 F.2d 1255, 1278 n. 27 (8th Cir.1980), the circumstances in this case are exceptional: a law firm representing the antitrust plaintiffs simultaneously represented the antitrust defendant, a clear violation of the applicable ethical rules. Image Tech is under no obligation to pay any fees to the law firm, Coudert, for its conflicted representation. Absent some representation that Image Tech, the party requesting fees, will not retain the $400,000, it stands to receive a sizable windfall. And if Image Tech does not retain the $400,000 and pays Coudert, Coudert will receive compensation which California law says it cannot recover.
 
 
 33
 If Coudert had breached a duty of loyalty to Image Tech only, there would be a better argument for allowing Image Tech to recover and retain the fees. The $400,000 would not be so much a windfall as recompense for conflicted representation. Here, however, it compounds injustice to allow Image Tech to receive $400,000 from Kodak, the party injured by the ethical violation. Moreover, it is less of a concern that Kodak, as the defendant potentially liable for the fees, will receive a windfall if it is not ordered to pay Image Tech the fees, because Kodak is the client injured by Coudert's breach of its duty of loyalty when it simultaneously represented Kodak and Image Tech.
 
 
 34
 Image Tech warns of dire consequences if it is denied a fee award, arguing that defendants will strategically delay disqualification motions to avoid paying the largest possible amount of fees. The district court found that no strategic delay occurred in this case, however, so we are not faced with that situation.
 
 
 35
 We reverse the district court. In these exceptional circumstances Kodak need not pay Image Tech the $400,000 fee for Coudert's services.
 
 
 36
 REVERSED.
 
 
 
 [1]
 In the merits appeal, this court affirmed in part and reversed in part, with no mention of the Coudert fee issue. Image Technical Servs. v. Eastman Kodak Co., 125 F.3d 1195 (9th Cir.1997)