**Jeffrey Jay RUTGARD, Plaintiff–Appellant,**

v.

**Richard HAYNES, Individually and as agent for Richard Haynes and Associates, P.C., and Law Offices of Richard Haynes, Defendant–Appellee.**

No. 99–56403.

D.C. No. CV–98–00524–TJW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 8, 2001.

Decided April 3, 2001.

Before ALARCÓN, BRUNETTI, and HAWKINS, Circuit Judges.

MEMORANDUM *

The district court properly determined that there was sufficient consideration for the mutual release between Rutgard and Haynes. Although Rutgard appears to correctly assert that under California law an attorney would not be entitled to fees for representation which occurs while the attorney has an actual conflict of interest, *Image Technical Service, Inc. v. Eastman Kodak Co.,* 136 F.3d 1354, 1358 (9th Cir.1998), it is also clear under California law that our task is not to reach an ex post conclusion as to the merits of the claim for attorneys' fees in order to determine whether there was consideration for the release ex ante. *Murphy v. T. Rowe Price Prime Reserve Fund, Inc.,* 8 F.3d 1420, 1423 (9th Cir. 1993). Under California law, "surrender of a possibly meritless claim which is disputed in good faith is valid consideration." *Id.;* see also *Goldstone–Tobias Agency, Inc. v. Barbroo Enterprises Productions, Inc.,* 237 Cal.App.2d 720, 47 Cal.Rptr. 347, 349 (Cal.Ct.App.1965) (citing cases and concluding forbearance to bring an action on an invalidly signed contract could constitute valid consideration).

Haynes undisputedly had a contractual claim for attorneys' fees, on which he may or may not have been able to succeed given Rutgard's conflict-of-interest defense. Even if Rutgard might have ultimately prevailed, however, this does not take away the fact that Haynes compromised a "colorable" legal claim when he executed the mutual release. *Murphy,* 8 F.3d at 1422; *Stub v. Belmont,* 20 Cal.2d 208, 124 P.2d 826, 831 (Cal.1942) ("[w]hether in fact the claim was legally enforceable

---

is immaterial"). There is no evidence that Haynes believed his claim to be meritless at the time the release was executed; in fact, the evidence suggests he did not and still does not consider a conflict of interest to have existed. Under California law, it was therefore proper for the district court to find valid consideration for the release and to grant Haynes' motion for summary judgment.

We decline to address Rutgard's argument that the mutual release is void under California Civil Code § 1668, as this issue was raised for the first time on appeal. *See United States v. Carlson,* 900 F.2d 1346, 1349 (9th Cir.1990).

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.